## ROBERT M. LEA, tutor, *v.* GEORGE W. RICHARDSON AND WIFE.

Though the mother be excluded from the tutorship of her minor children by contracting a second marriage, she does not thereby forfeit her maternal power; but still retains, paramount to the tutor, the right of rearing and educating them.

APPEAL from the District Court, Seventh District, Parish of West Feliciana, *Stirling,* J. *Muse,* for plaintiff and appellant· *Ratliff,* for defendants.

EUSTIS, C. J. This appeal is taken by the plaintiff, *Robert M. Lea,* who is the tutor of *Letitia E. Edwards,* a minor under the age of ten years, from a judgment of the Court of the Seventh District, sitting in the parish of West Feliciana, by which the defendant, *Narcissa J. Richardson,* wife, by second marriage, of *George W. Richardson,* and the mother of the minor, was maintained in the custody and control of her child.

There are several questions which have been urged before us on this appeal, but we only consider it material to determine that which relates to the right of the mother to be protected in the possession of her child.

Admitting that the mother, by contracting a second marriage without applying for a family meeting, forfeited the tutorship of the child, and that she has formally renounced all claim to it, and that the plaintiff has been duly appointed tutor in the place and stead of the mother, it by no means follows that the judgment of the District Court ought to be reversed.

By the Spanish law the widow retained the right of rearing and educating her minor child, if she was of good reputation; but, on her marrying, the child was immediately withdrawn from her power; for as "the antient sages have said, a woman is wont to love her new husband so much that she may not only give him the property of her children, but may consent to their death for the sake of pleasing him." Partida 6th, tit. XVI, law 19; Institutes of the law of Spain, book 1, tit. 3.

This law is repealed, and its sinister spirit has no place in our morals. The article 271 of the Code provides, that the mother who refuses the tutorship of the children, retains the superintendence of them, and the care of their education.

By the Roman law the mother and grandmother, by a second marriage, lost the right of tutorship of their children and grandchildren. But with regard to the custody and education of the children, the mother, by a second marriage,

only forfeited the right of their being *exclusively* committed to her charge. *Makeldey* on the Roman law, § 536.

In the case of *Delia Webb*, at the suit of *Amos Webb*, 7th Annual, page ——, this Court held that, by the exclusion from the tutorship of the children on the part of the mother, by reason of a second marriage, she did not lose her maternal power, which was, in respect to the children, paramount to that of the tutor, and still retained the right of rearing and educating them.

There is not the slightest reproach on the conduct, or repute, of the mother, or her husband. It seems they have no establishment of their own, but board at the house of her sister. There is no suggestion of any danger of unsuitable association to which the minor would be exposed, and as the District Judge had the child and the mother before him, he had every opportunity of forming a correct opinion of the best means of promoting the welfare of the party in whose interest he was called upon to act.

It appears that the child had lived with the plaintiff, no doubt with the free consent of the mother, and, it is urged, she was seduced from his house by stratagem. Before we condemn the artifices of a mother in getting possession of her child, we should bear in mind that they have their origin in the intensity of natural affection, and when we find this love reciprocated, and the child pleading against being separated from the author of its being, we must admit that nothing human, at her age, can present stronger guarantees for her future well being. If the child lived with the plaintiff with the consent of the mother, that consent could be withdrawn; and we have nothing before us on which we would be authorized in disturbing the judgment of the District Court.

The judgment is, therefore, affirmed, with costs.