Edward McDowell *v.* Martha Bonner et al.

1. Guardianship. *Granting of letters. Custody of minor, when to be awarded.*
   In granting letters of guardianship of a minor, it is improper, ordinarily, for the court to award the custody of the infant. The law gives the guardian the custody of his ward's person, except where the ward has a parent living who, though not his guardian, is a suitable person to be his custodian. (Section 2099, Code 1880.) And when the guardianship of a minor having a parent living is granted to another person, the question whether the parent is a suitable person to have the custody of the minor should generally be left open, to be determined when brought into controversy as the sole matter for adjudication.

2. Same. *Of person distinct from estate. Section 2099, Code 1880.*
   Where a guardian is not the parent of his ward, but the latter has a parent living, the guardianship of the ward's estate is distinct from the guardianship of his person, under § 2099 of the Code of 1880, which provides that the guardian shall not be entitled to the custody of the ward as against the parent, if the parent be "a suitable person to have the custody of the minor."

Appeal from the Chancery Court, of Marshall County.

Hon. A. B. Fly, Chancellor.

On the 25th of July, 1883, Miss Martha Bonner and Addison Craft filed a petition for letters of guardianship of Lilian K. McDowell, a minor, twelve years of age. The petition alleged that the mother of the minor was dead; that it was the mother's wish that Miss Bonner, who is the maternal great-aunt of Lilian, should have the guardianship of the estate which she left to her daughter and the custody of her person; that Miss Bonner has had the care and custody of Lilian since she was twenty months old; and that her father, Edward McDowell, is not a suitable person to have the custody of Lilian.

The prayer of the petition was that letters of guardianship be granted to the petitioners, "and that the care and custody of the person of said minor be awarded to them."

On the 28th of July, 1883, Edward McDowell filed a counter petition denying the allegation "that he is not a suitable person to have the custody of Lilian," and alleging "that he is in every

respect qualified and fitted to raise and care for his said child," and asking that he be made a party defendant to the petition filed by Miss Bonner and Craft and permitted to resist their application for the custody of his child. His request was granted by the court. Much testimony was adduced on either side, but a statement of the same is rendered unnecessary by the view taken of the case by this court. The court below rendered a decree granting letters of guardianship to Miss Bonner and Craft and awarding the custody of the minor to Miss Bonner. From this decree McDowell appealed.

*J. W. C. Watson*, for the appellant, filed a lengthy brief in favor of the father's right in this case to the custody of his daughter, but as this court declined to adjudicate the question of custody, the brief is omitted.

*E. M. Watson*, on the same side, filed a brief, which is also omitted for the reason above stated.

*J. H. Watson*, of counsel for the appellant, argued the case orally.

*Fant & Fant*, for the appellees, filed an elaborate brief insisting upon the right of Miss Bonner, one of the appellees, to the custody of the minor.

*J. T. Fant & Henry Craft*, of counsel for the appellees, argued the case orally.

CAMPBELL, C. J., delivered the opinion of the court.

The evidence does not sustain the assertion of the decree that the appellant is not a suitable person to have the custody of his child, and the custody of the child should not have been awarded by the decree. We find no fault with so much of the decree as grants letters of guardianship to the appellees. It was within the discretion of the court, under the circumstances, to confer the guardianship on the appellees, but " the guardian of a minor whose father or mother is living and a suitable person to have the custody of the minor shall not be entitled, as against the parent, to the custody of the ward." Code, § 2099. The grant of letters of guardianship is one thing, the custody of the ward is another. The

guardian of a minor who has no parent is entitled to the custody of the person and estate of the minor, while the guardian of a minor who has a parent is not entitled to the custody of the person if the parent is a suitable person to have such custody. There is thus introduced as to minors having a parent a guardianship of the estate of the minor distinct from guardianship of the person.

The proper course is to appoint a guardian simply. The law declares the rights of the guardian. Whether in any case the guardian is entitled to the custody of the ward as well as his estate is determinable by whether he has a parent and the suitableness of his parent to have his custody. These are variable circumstances, liable to be affected by changes which may occur. Death may remove the parent; and the suitableness of the living parent may vary. These contingencies may have a correspondingly varying effect on the right to the custody of the child which is the subject of guardianship. That question should not be attempted to be settled in appointing a guardian. Ordinarily, it should be left open.

In this case the appellant was made a party to the petition of the appellees at his own instance, and resisted it, especially and perhaps solely, as to the award of the custody of the minor. We do not think the custody should have been awarded to Miss Bonner, nor are we now willing to make a decree awarding the custody of the minor to the appellant. A guardian should be appointed, and the relative rights of the guardian and parent be left for determination by law and the circumstances existing at the time when any controversy may arise about them. " Sufficient unto the day is the evil thereof." It is hoped that no court will be called on to perform the delicate duty of deciding between the rights of the father, qualified as they may be supposed to be by the circumstances of the past in his unfortunate domestic history, and by considerations affecting the supposed welfare of his child, and the maternal affection of Miss Bonner, ripened and strengthened by years of solicitude on her part and of development by the object of her tender care during all the years since she was a helpless infant of twenty months old, who reciprocates the affection of

Miss Bonner, and desires to remain with her. To settle that dispute would be extremely difficult and painful. We shrink from it now, and hope it will not arise. If it shall, it can better be decided in a proceeding involving no other question than the right to the custody of the child.

*We reverse so much of said decree as pronounces the appellant an unsuitable person to have the custody of his child and as awards the custody of the child, and so much of it as taxes him with the costs, and affirm the decree as to the appointment of guardians. The costs in both courts to be paid by the appellees.*