ELLA JANE PORTER, *Plaintiff in Error,* v. JAMES W. PORTER, *Defendant in Error.*

1. · Statutes regulating the use of the writ of habeas corpus do not preclude the operation of common law principles in the use of the writ unless such an intent is manifest in the statutes.

2. At common law the father has the paramount right to the custody and control of his legitimate minor children, subject only to lawful regulations for the benefit of the children. During the father's life the right of the mother as such remains in abeyance.

3. Prima facie at least the father is entitled to the custody of his minor children as against the exclusive possession by the mother, and any detention of such children from the father by the mother may be "without lawful authority" within the meaning of the statutes regulating the use of the writ of habeas corpus.

4. In discharging infants of tender years from unlawful restraint or custody the judgment of discharge is not complete or effective unless a proper order is made for the protection and welfare of the infant. This necessarily includes an order committing the infant to the care and custody of some proper person.

5. The speedy and effective remedy afforded by the writ of habeas corpus at common law or under the statutes does not conflict with the lawful jurisdiction of courts of equity with reference to infants.

This case was decided by Division A.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*H. H. Buckman,* for Plaintiff in Error;

*Bryan & Bryan,* for Defendant in Error.

WHITFIELD, C. J.—The defendant in error presented a petition to the judge of the fourth judicial circuit in which it is in effect alleged that the wife of the petitioner

left their home in Palm Beach county taking with her three of their children, a boy of nine years, a boy of five years and a girl of two and a half years of age, and that the children are restrained of their liberty in Duval county by the mother without the consent of the father. Upon a writ of habeas corpus the custody of the two boys was awarded to the father and the mother was allowed to retain the custody of the little girl.

On writ of error it is in effect contended that the court had no jurisdiction on habeas corpus to award the custody of the two boys to the father, because even if the writ could be used for that purpose at common law, the statutes of the State control the use of the writ to the exclusion of common law principles, and the statute contemplates the use of the writ only for prisoners in the criminal sense, and no judgment is by the statute author ized except a discharge, a remand or an admission to bail.

The statutes provide that "Whenever any person detained in custody, whether charged with a criminal offense or not, shall, by himself or by some other person in his behalf, apply     *     *     *     for a writ of habeas corpus, and shall show by affidavit or evidence probable cause to believe that he is detained in custody without lawful authority, it shall be the duty of the court     *     *     * forthwith to grant the writ,     *    ·*     *     directed to the person in whose custody the applicant is detained, and returnable immediately before such court"     *     *     *.

"The court, justice or judge before whom the prisoner is brought, shall without delay proceed to inquire into the cause of his imprisonment, and shall either discharge him, admit him to bail or remand him to custody, as the law and the evidence shall require." Secs. 2248 *et seq.* Gen. Stats.

The writ of habeas corpus is a common law writ of

ancient origin designed as a speedy method of affording a judicial inquiry into the cause of any alleged unlawful custody of an individual or any alleged unlawful actual deprivation of personal liberty. The writ requires the body of the person alleged to be unlawfully held in custody or restrained of his liberty to be brought before the court that appropriate judgment may be rendered upon judicial inquiry into the alleged unlawful restraint. The various purposes for which the writ may be used and the proceedings thereon have been to some extent regulated by ancient English statutes and by local legislative enactments. Statutes regulating the use of the writ do not preclude the operation of common law principles in the use of the writ unless such an intent is manifest in the statutes. By virtue of section 59 of the General Statutes, the common and statute laws of England which are of a general and not of a local nature down to July 4, 1776, are in force in this State when not inconsistent with the constitution and laws of the United States and the acts of the legislature of this State. The writ of habeas corpus and the rights of individuals thereunder are recognized and preserved by the constitution. Section 7 Bill of Rights.

At common law the father has the paramount right to the custody and control of his legitimate minor children, subject only to lawful regulations for the benefit of the children. During the father's life the right of the mother as such remains in abeyance. Prima facie at least the father is entitled to the custody of his minor children as against the exclusive possession by the mother and any detention of such children from the father by the mother may be "without lawful authority" within the meaning of the statute. The application of the father for a writ of habeas corpus to inquire into the legality of the detention

of the minor children by the mother from the father is authorized in his own right as their lawful custodian and in behalf of the minor children who are alleged to be unlawfully detained from the father. The word "prisoner" used in the statute has reference to any person unlawfully restrained of his liberty or unlawfully detained from his proper custody. A judgment discharging the person from unlawful custody or detention includes by necessary implication and intendment the proper custody of minor children. Courts of law as well as of equity are by the law specially charged with the care and protection of infants within the range of lawful jurisdiction, and the making of appropriate orders for the protection and welfare of the persons and estates of infants are necessarily implied incidents to the power of making and enforcing judgments and decrees affecting infants. In discharging an infant of tender years from unlawful restraint or custody the judgment of discharge is not complete or effective in the absence of a proper order for the protection and welfare of the infant. This necessarily includes an order committing the infant to the care and custody of some proper person. The speedy and effective remedy afforded by the writ of habeas corpus at common law or under the statutes does not conflict wih the lawful jurisdiction of courts of equity with reference to infants. See 1 Andrews Am. Law, section 510; Miller v. Miller, 38 Fla., 227, 20 South. Rep., 989; Maddox v. Barr, 49 Fla., 182, 38 South. Rep., 766; Hernandez v. Thomas, 50 Fla., 522, 39 South. Rep., 641; Rex v. Greenhill, 4 Ad. & El., 624; State v. Baird, 18 N. J. Eq., 194; State v. Baird, 19 N. J. Eq., 481; In re Stockman, 71 Mich., 180, 38 N. W. Rep., 876; Richards v. Collins, 45 N. J. Eq., 283, 17 Atl. Rep., 831; 21 Cyc., 330.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.