ANDREW BUSBEE, *Plaintiff in Error*, v. EMILINE WEEKS, *et al., Defendants in Error.*.

Opinion Filed July 21, 1920.

1. At common law the father has a paramount right to the custody and control of his legitimate minor children, subject only to lawful regulations for the benefit of his children.

2. Where an infant girl's mother died at its birth and when the child was three days old its father verbally committed its care and custody to its maternal grand parents until the father could otherwise provide for its proper care, and when the child is about four years old, the father, who, with his other children, live with his parents, is entitled to the custody of the infant girl, particularly when all of the home conditions of the maternal grand parents are not so desirable and the father's home with his parents is

a proper place for the child's welfare, even though the personal attentions of the maternal grand parents to the infant girl are in every way commendable.

A writ of error to the Circuit Court for Walton County; A. G. Campbell, Judge.

Reversed.

*Walter Kehoe,* for Plaintiff in Error;

No appearance for Defendants in Error.

WHITFIELD, J.—The writ of error herein was under the statute allowed and taken to an order awarding the care and custody of Irene Busbee, an infant female child about four years of age, to its maternal grand parents with privileges to the child's father to have her "in his home two days and nights in succession, once in every two weeks during the time this order is in force," the order providing further that the father "and his children, brothers and sister of the said Irene Busbee, be permitted at all reasonable times to visit the said Irene in the home of the" grandparents; and that the grand parents "teach the said Irene Busbee to recognize Andrew Busbee as its father, and also to love, honor and respect him as her father, and also to love its brothers and sister who are now with the petitioner," the father of Irene.

It appears that Irene's mother died at Irene's birth; and that when three days old Irene was by her father committed to the care of her maternal grand parents until he could otherwise provide for her proper care. The father and his three older children now live with his parents and the father is able to properly care for Irene

with the assistance of his parents. The evidence indicates that the present home of the father is a proper place for the child and that the conditions at the home of the child's maternal grand parents is not so desirable, though such grand parents are attached to Irene.

The provisions of the order have regard for family considerations; but they do not accord to the father all the rights he is entitled to under the law as it exists in this State.

At common law the father has the paramount right to the custody and control of his legitimate minor children, subject only to lawful regulations for the benefit of the children. Porter v. Porter, 60 Fla. 407, 53 South. Rep. 546; Hernandez v. Thomas, 50 Fla. 522, 39 South. Rep. 641; Miller v. Miller, 38 Fla. 227, 20 South. Rep. 989.

In this case the legal rights of the father not having been relinquished or forfeited, and his ability to take proper care of the child appearing, the custody should be awarded to him on the showing made.

Reversed.

BROWNE, C. J. AND TAYLOR AND ELLIS, J. J., concur.

WEST, J., dissents.

WEST, J., dissenting.—Other things being equal, the right of the father to the custody of his minor child is paramount, but this right may be qualified by considerations for the benefit and welfare of the minor child. In this case the infant, a girl child four years old, three days after her birth and upon the death of her mother, was

committed to the care of her maternal grandmother. She is in the home in which her mother was reared. Strong ties of affection and attachment for her have naturally been formed by those who have reared her. In my view the condition of the infant would not be benefitted by transferring her to the custody of her father where he and his three other children reside with his parents. On the contrary, I think that the infant's welfare will be better subserved by leaving her for the present where she may have the nurture and care of the one who in her life occupies the position of mother.

The order appealed from is "until the further order of this court, or some other court of competent jurisdiction." It accords the father the rights which he possesses as father of the child, but recognizes and gives effect to the rule that the welfare of the infant is a cardinal consideration in such cases. Robertson v. Bass, 52 Fla. 420, 42 South. Rep. 242, and cases cited in the opinion.

It may be that at some future time it will be proper to award the custody of the child to her father, but under the circumstances of this case I am unable to concur in the view which holds the order of the Circuit Judge reversible error.