PARAN M. HOPKINS, *Plaintiff in Error*, v. GLADYS ETHEL HOPKINS, *Defendant in Error*.

Opinion Filed October 28, 1922.

Petition for Rehearing Denied December 1, 1922.

1. In habeas corpus proceeding the custody and care of minor children may be awarded as will best conserve the welfare of the children, the rights of parents to the custody and care of

their children being subject to an adjudication of the courts as the welfare of the children may require.

2.  In view of the father's responsibility to care for and maintain both the mother and their children, when other considerations affecting the welfare of the children do not require them to be awarded to the care of the mother or to another, the father is regarded as having a legal right to the custody and care of his minor children, when he is not shown to be an improper person to best conserve the welfare of the children.

3.  Children of different sexes, ages and physical and perhaps other conditions and stations in life, may require different awards of custody and care to conserve the individual welfare

4.  Where on habeas corpus brought by a wife who lives apart from her husband to obtain the exclusive custody of their children, it is expressly found on the evidence that neither the father nor the mother "is altogether so unfit as to give to either the exclusive custody and control of" their two minor sons, the father's custody should not be disturbed, by awarding the custody of the younger son to the mother, it appearing that it is not necessary to do so to conserve the welfare of the child.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Order reversed.

*John T. G. Crawford*, for Plaintiff in Error;

*John W. Dodge*, for Defendant in Error.

WHITFIELD, J.—A wife living apart from her husband, brings habeas corpus to obtain the custody of two minor sons in the custody of the father. A writ of error was

taken to an award of the custody of one son to the father and the custody of the other son to the mother.

In habeas corpus proceeding the custody and care of minor children may be awarded as will best conserve the welfare of the children, the rights of parents to the custody and care of their children being subject to an adjudication of the courts as the welfare of the children may require.

In view of the father's responsibility to care for and maintain both the mother and their children, when other considerations affecting the welfare of the children do not require them to be awarded to the care of the mother or to another, the father is regarded as having a legal right to the custody and care of his minor children, when he is not shown to be an improper person to best conserve the welfare of the children. Miller v. Miller, 38 Fla. 227, 20 South. Rep. 989; Porter v. Porter, 60 Fla. 407, 53 South. Rep. 546; Hernandez v. Thomas, 50 Fla. 522, 39 South. Rep. 641; Busbee v. Weeks, 80 Fla. 323, 85 South. Rep. 653.

And children of different sexes, ages and physical and perhaps other conditions and stations in life, may require different awards of custody and care to conserve the individual welfare of the child.

This application is by the wife who lives apart from her husband, for the exclusive custody and care of their two sons who have been with the father, they being about eight and five years of age respectively. The older son was awarded to the father and the younger to the mother with privileges of temporary exchanges and visitation. The court expressly found on the evidence "that neither petitioner nor respondent is altogether so unfit as to give to

either the exclusive custody and control of said children, or either of them, nor to commit said children to some third person.'' On this finding of essential facts, the father is entitled to the custody of both sons at least in the absence of a showing in appropriate proceedings that the wife is justified in living apart from her husband and that the custody and care of the younger son by the wife would best conserve his welfare. Except in so far as it tends to show the fitness or unfitness of the wife for care and custody of the sons or either of them, the propriety of her living apart from her husband is not to be determined in *habeas corpus* proceedings brought to award the proper custody of the minor children. Here it is expressly found that neither parent is ''altogether so unfit as to give to either the exclusive custody,'' which is in effect a finding that the father is not so unfit as to forfeit his legal right to the exclusive care and custody of the minor sons; and the mere finding that the wife is also not so unfit, does not ·give her a legal right to the custody and care of the younger son as against the father, or show that she is better fitted as custodian to conserve the welfare of the younger son than is the father. On the finding as made the custody of both minor sons should have been awarded the father subject to further orders of the court as the future may require to conserve the welfare of the sons individually and collectively.

In Chapter 8478, Acts of 1921, it is provided that ''the mother jointly with the father shall be the natural guardian of their children during infancy,'' etc. This statutory provision has reference to *joint* rights of parents as natural guardians of their minor children. *Joint* rights are not involved in this proceeding. Each parent claims an exclusive right to the custody and care of the minor sons, and on the finding made the father's custody should not be dis-

turbed, it appearing that it is not necessary to do so to conserve the welfare of the child.

The order is reversed and the cause is remanded for such proceedings as may be proper under the principles herein stated.

It is so ordered.

BROWNE, C. J., AND TAYLOR, J., concur.

ELLIS AND WEST, J. J,. dissent.