MARY G. McCANN, *Plaintiff in Error,* v. JULIEN J. PROS-
KAUER, *Defendant in Error.*

Division A.

Opinion Filed March 5, 1927.

Petition for Rehearing Denied April 11, 1927.

1. Transcripts of records upon writs of error in *habeas corpus*
cases should be made up and certified in accordance with the
requirements of Circuit Court Rule 103; but Special Rules 1,
2 and 3 are by Special Rule 6 made applicable to *habeas
corpus* proceedings.

2. A bill of exceptions made up in accordance with the rules
of law is essential to preserve errors which occur at the
hearing of a case on its merits.

3. A judgment in a cause is not rendered bad because the
trial judge refuses to fix the amount and conditions of a
supersedeas bond.

4. A father is entitled *prima facie* to the custody of his minor
children.

A Writ of Error to the Circuit Court for Dade County;
A. J. Rose, Judge.

Judgment affirmed.

*R. B. Gautier,* for Plaintiff in Error;

*James M. Carson* and *McIlvaine & Ray,* for Defendant
in Error.

ELLIS, C. J.—Julien J. Proskauer in October, 1926, ob-
tained a writ of *habeas corpus* directed to Mary G. McCann
to produce the bodies of Joan Proskauer, aged ten years,

and Patricia Proskauer, aged nine years, children of the petitioner, and to show why they should not be delivered into the custody of their father.

A motion to quash the writ was denied and the respondent answered.

The Court heard the case upon the questions presented by the petition and answer and awarded the custody of the children to the petitioner. What appears to be a transcribed stenographic report of the evidence heard constitutes the greater part of the record. There is no bill of exceptions. There is a stipulation between counsel that the document attached consisting ''of 87 pages of testimony and 6 exhibits'' contains all the evidence introduced at the hearing and a certificate of the trial judge that the transcript ''consisting of 87 pages of testimony and 6 exhibits contains all the evidence introduced at the hearing.'' There is no date either to the stipulation or the certificate. The judgment was entered on the 19th of October, 1926. A writ of error was allowed on October 23rd and the same was made returnable to November 29, 1926. The record was filed here on the 27th day of that month.

Transcripts of records upon writs of error in *habeas corpus* cases should be made up and certified in accordance with the requirements of Circuit Court Rule 103. See Hart v. Cotten, 44 Fla. 172, 31 South. Rep. 817.

A bill of exceptions which should be made up in accordance with the rules of law is essential to preserve errors which occur at the hearing on the merits. See Maddox v. Barr, 49 Fla. 182, 38 South. Rep. 766.

In the *habeas corpus* proceedings where the judgment of the trial Court is sought to be reviewed the record should be prepared in accordance with the rules prescribed by the Appellate Court for the preparation of transcripts of the record. See Section 3580, Revised General Statutes.

Rule 103, Rules of Circuit Court, is the proper one to observe in such cases although by Special Rule 6, Rules of Circuit Courts, Special Rules 1, 2 and 3 which were adopted for use especially in civil cases were made applicable to *habeas corpus* proceedings. The transcript of the record in this case was made up under the Special Rules which were not observed in many particulars.

Three assignments of error are relied upon. One atatcks the order overruling the motion to quash the writ and dismiss the petition; one attacks the order awarding the children to the custody of the father and the other denying a motion that the Court should fix the amount and conditions of a supersedeas bond.

There is no merit in either the first or third assignment of error. A judgment is not rendered bad because the Court refuses to fix the amount and conditions of a supersedeas bond. The Court could have denied a writ of error; it was within its power. See Roach v. Keep, 73 Fla. 1048, 75 South. Rep. 528; State *ex rel.* Porter v. Vanzant, 49 Fla. 130, 38 South. Rep. 366.

The petition was not defective. It alleged that petitioner was the father of the two children and that he was deprived of their custody by the respondent to whom the petitioner had committed the temporary custody of the children under a promise to return them to him in time to send them to school in September and which the respondent had violated and who had since held them in her custody and refused to return them to him.

The father is entitled *prima facie* to the custody of his minor children. See Porter v. Porter, 60 Fla. 407, 53 South. Rep. 546; Busbee v. Weeks, 80 Fla. 323, 85 South. Rep. 653.

In view of the nature of the case, which involves the welfare of two minor children, the Court has read the stenog-

rapher's report of the evidence and all the exhibits and has found nothing therein to impair in the smallest degree the soundness of the Court's judgment and the correctness of his conclusions.

Both parents of the children seem to be most excellent and reasonable people with perhaps a strong sense of individual integrity of conduct and character which probably led at a former time in their lives to divorcement proceedings, resulting in their permanent separation and the dissolution of their marriage bonds. In those circumstances, however, each retained the love for their children and a desire to do their duty by them. It is very unfortunate, even pathetic, that such situations sometimes arise which the parties by mutual concessions might have avoided, but the fact does not affect the father's *prima facie* right to the custody of his children. Nothing appears in the record which could be construed into a reason why because of unfitness of character or lack of financial ability the father should not have the custody and care of those children whom he loves and whom he is willing to provide for during their minority.

The judgment of the Court is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.

PER CURIAM.—A petition for rehearing having been filed in this cause and same having been duly considered it is ordered and adjudged by the Court that the said petition be and the same is hereby denied. See Hopkins v. Hopkins, 84 Fla. 500, 94 So. 157.

All concur.

BROWN, J., concurring.

If this were a case of first impression, I would be inclined to hold that Chapter 8478 of the Acts of 1921 changed the common-law rule as announced in Porter v. Porter, 60 Fla. 407, 53 So. 546, but this question, which I recognize was not free from difficulty, was settled by the Hopkins case, above cited, and I therefore concur with the other members of the Court in adherence to the construction of the Act which this Court heretofore has enunciated in the Hopkins case.