STATE, *ex rel.* ANDREW R. WATLAND v. MYRTLE K. HURLEY

182 So. 442.
Opinion Filed June 22, 1938.
Rehearing Denied July 13, 1938.

*Frank M. Harris, Richard E. Cotton, Erle B. Askew* and *B. K. Roberts,* for Relator;

*Bussey, Mann & Barton, McKinney Barton, Sam H. Mann, Jr., and J. Velma Keen,* for Respondent.

BUFORD, J.—We are unable to agree with the conclusion reached in the opinion prepared by Mr. Justice Terrell in this case.

We do not think that the judgment of this Court in the matter of the Guardianship of Frances Kathryn Watland and Bernice Loreen Watland, minors, styled Andrew R. Watland, appellant, v. Myrtle K. Hurley, appellee, is decisive of the issues in the present case.

The petition shows that while petitioner was laboring under the disability of a mental derangement and while he was confined in a sanitarium in the City of Richmond, one John L. Brin was appointed Guardian of the person and estate of petitioner and that during the time petitioner was laboring under such disability his said Guardian made application for the Court of the County Judge of Pinellas County, Florida, for appointment of the said Myrtle K. Hurley as Guardian of the minor children of petitioner; that pursuant to said application the County Judge did appoint the said Myrtle K. Hurley as Guardian of the two minor children, Frances Kathryn Watland and Bernice Loreen Watland, and that thereafter on the 16th day of April,

1935, upon application of Luther A. Jones as next friend for petitioner, the Circuit Court in and for Pinellas County, Florida, entered a decree judicially declaring petitioner sane and capable of managing his own affairs, a part of which decree was as follows:

"That Andrew R. Watland is of sound mind judicially and is capable of taking over the management, custody and control of his properties, and of managing his own affairs.

"4. That the said Andrew R. Watland be and he hereby is immediately restored to his personal liberty.

"5. That John L. Brin, heretofore appointed and now acting as the Guardian of the said Andrew R. Watland and of his estate, shall within thirty days make full settlement with Andrew R. Watland of all the property of the said Andrew R. Watland in the hands, custody or control of the said John L. Brin as such guardian."

The paramount question in the case of Watland v. Hurley in the matter of the Guardianship of Frances Kathryn Watland and Bernice Loreen Watland, minors, *supra,* was that of the fitness of Myrtle K. Hurley as Guardian of said minors.

The paramount question in this case is the right of the parent to have the custody of his children aside from the custody and control of the estate of the children and we think that question must be determined upon evidence taken at the time or subsequent to the time of the issuance of the writ of habeas corpus and not upon evidence of conditions as they existed prior to that time.

In Hopkins v. Hopkins, 84 Fla. 500, 94 Sou. 157, we said:

"The father is regarded as having a legal right to the custody and care of his minor children when he is not shown to be an improper person to best conserve the welfare of the children."

See also Minick v. Minick, 111 Fla. 469, 149 Sou. 483. In 28 C. J. 1111 it is said:

"So far as the natural parents are concerned, it is usually held that their right to custody of their children is superior to any right of the guardian, unless the question of the parent's fitness to have the custody of the children has been judicially considered and determined adversely to the parent, in which event the right of the guardian is superior."

The following authorities support the text: "Bowels v. Dixon, 32 Ark. 92; Lord v. Hough, 37 Cal. 657; Peo v. Hoxie, 175 Ill. A. 563; Cottrell v. Booth, 166 Ind. 469; 76 N. E. 546; Brooke v. Logan, 112 Ind. 183; 12 N. E. 669, 2 Am. SR 177; In re Brown, 98 Kan. 663, 159 P. 405; Rallihan v. Motschmann, 179 Ky. 180, 200 SW 358; Mason v. Williams, 165 Ky. 331, 176 SW 1171; Lea v. Richardson, 8 La. Ann. 94; Berluchaux v. Berluchaux, 7 La. 539; McDowell v. Bonner, 62 Miss. 278; Foster v. Alston, 7 Miss. 406 (rev Freem. 732). Clarke v. Lyon, 82 Nebr. 625, 118 NW 472, 20 LRANS 171; Mathews v. Wade, 2 W. Vs. 464. Stone v. Duffy, 219 Mass. 178, 106 N. E. 595. In re Brown, 120 La. 50, 44 Sou. 919." So, it is seen that the existence of Guardianship in a third person does not preclude the right of the father to the custody of his minor children.

We treat the motion to quash as return and we think that the issues presented by such return and the petition are sufficiently clear to warrant the taking of testimony for the purpose of determining the right of petitioner to have the custody of the minor children.

As this Court has no facilities for taking testimony other than by the appointment of a Commissioner, we now appoint the Honorable John U. Bird, Circuit Judge in and for the Sixth Judicial Circuit of Florida, as Commissioner,

with authority to take such relevant testimony as may be submitted by the parties at such time and place as he may appoint, after due notice thereof to the parties, and with authority to note and rule on the propriety of testimony offered and to make his report of such proceedings to this Court with due diligence.

It is so ordered.

BROWN and CHAPMAN, J. J., concur.

WHITFIELD and TERRELL, J. J., dissent.

TERRELL, J. (dissenting).—Writ of habeas corpus was issued from this Court on petition of Relator directed to respondent, the purpose of which was to secure the custody and control of Frances Kathryn and Bernice Loreen Watland, minor children of Relator. The theory of the application for the writ was that Respondent was appointed guardian of said minor children while Relator was under an adjudication of insanity and under guardianship but that he has since recovered, has been adjudicated sane and is now entitled to the custody and control of his minor children.

Respondent, Myrtle K. Hurley, moved to quash the writ of habeas corpus. She attached to and made a part of said motion a transcript of the proceedings in the case of Andrew R. Watland v. Myrtle K. Hurley, tried in the probate court of Pinellas County, wherein Relator sought to have Respondent disqualified and discharged as guardian of his said minor children and their estate, it being contended that said proceedings are *res adjudicata* as to the issue presented in this case. When the motion to quash came on for hearing, we continued it until the appeal then pending in the latter case was perfected in this court. We shall hereafter speak of it as the "companion case."

We treat the motion to quash as a return to the writ because, (1) It sets out the matters of law and fact alleged

to be *res adjudicata* of the issues raised, (2) We do not recognize the practice of moving to quash a writ of habeas corpus, it being a writ issued on a very informal application and the proceeding pertaining to it being informal, the parties are permitted to go beyond the petition and inquire into any matter affecting the legality of the detention, and (3) We are now in possession of the record and briefs in the companion case which seem to be conclusive of the questions raised in this case.

For a decision in one case to be *res adjudicata* of the questions raised in another case, there must be (1) Identity in the thing sued for, (2) Identity in the cause of action, (3) Identity of persons and parties to the action, (4) Identity of the quality in the person for or against whom the claim is made. Gray v. Gray, 91 Fla. 103, 107 So. 261; Hay v. Salisbury, 92 Fla. 446, 109 So. 617; Brundage v. O'Berry, Jr., 101 Fla. 320, 134 So. 520.

The ultimate question involved in the instant case is whether or not Relator, Andrew R. Watland, should be granted the custody of his minor children. This question turns on that of whether or not under the facts shown, he is competent and qualified to assume that responsibility, and if so, would the interest of the minors be best served by granting it to him. The ultimate question involved in the companion case is whether or not Myrtle K. Hurley should be relieved of the guardianship of the persons and property of the minor children of Andrew R. Watland and some other persons appointed in her place. This question turns on that of whether or not, under the facts shown she is competent and a fit person to be vested with that responsibility and the interest of said minors require that her guardianship be continued.

From this, it follows that while the parties and subject matter of the two causes are to all intents and purposes

identical, the ultimate and the immediate purpose of both is different. The qualification or disqualification of Andrew R. Watland has no relation to the qualification of Myrtle K. Hurley but when the facts as to these elements are presented as they are in the companion case, we are enabled to adjudicate the questions presented in the instant case.

In the companion case, we reviewed at some length the facts and circumstances out of which both cases arose and held that Myrtle K. Hurley was a competent and proper person to be the guardian of the persons and property of Relator's minor children, that she was regularly appointed to that position and as against the contention of Relator, we refused to relieve her and appoint another in her stead. The ultimate reason being that the interest of the minors would not be best served by the change.

The interest of the minors is the matter of first consideration in this case. The desire of Relator and the qualification of Respondent are important factors but they are secondary. The fitness and advisability of naming Relator as guardian for his minor children was necessarily considered in the companion case, he having expressed a willingness and desire to be named. In holding that as against Respondent, under the facts shown, he or some one suggested by him would not be appointed, we considered and approved Respondent's appointment, so the question raised in this case must be foreclosed by what we said in the companion case, which is filed this date. The reasons for our conclusion as to the status of both parties are recited *in extenso* in the companion case and will not be detailed here. The fact that Relator is not in condition to take full responsibility for the guardianship of his minor children and their estate in no sense means that he should be separated from them and our adjudication in the companion case

should not be construed as precluding him from seeing them and enjoying their companionship at such times and under such conditions as are agreeable to the minors and the guardian or as the Court may prescribe.

We are conscious of the element of time that elapsed between the institution of these cases, but the state and condition of the minors and their estate, the condition of Relator and other factors that affect the subject matter make this a much more difficult case to adjudicate than the average case of the kind. The Court below has demonstrated a very thorough knowledge of the situation and capacity to handle it.

The motion to quash should be granted, but without prejudice to Relator to apply to the Circuit Court for an order permitting him, if that be necessary, to visit his minor children, and if proper in the judgment of the Court to be awarded their custody at such times and under such conditions and. restrictions as he may decree.

WHITFIELD, J., concurs.