STATE *ex rel.* WENDELL F. RASCO v. WILHELMINA GATES RASCO.

190 So. 510
Division A
Opinion Filed July 18, 1939
Rehearing Denied August 1, 1939

350

R. A. Rasco, Glenn O. Rasco and M. Lewis Hall, for Relator;

Fred B. Noble and S. S. Blonheim, for Respondent.

TERRELL, C. J.—For several years prior to September, 1937, relator and respondent lived in the State of New Jersey as husband and wife, one child now seven years old being the product of that union. During the month and year last stated, respondent left relator and returned to Florida, taking their minor child with her. Except the years of her married life which she had lived in New Jersey, respondent had spent all her life in Florida.

In August, 1938, relator secured a divorce from respondent in New Jersey, but the custody of the minor child was not before the New Jersey court, and it was not considered in the divorce litigation.

Respondent later sought and secured a divorce from relator in Duval County, Florida. In this litigation the custody of the minor child was considered and adjudicated to respondent. The final decree in the latter suit was on

motion dismissed because of an attack on the service, but a new suit was at once instituted, praying for divorce on the same grounds. In this suit the chancellor entered an order restraining relator from interfering with the custody of the minor child until further order of the court.

In January, 1939, the latter suit for divorce and custody of the minor child being then pending in Duval County, writ of Habeas Corpus was issued by this Court on petition of Relator for the purpose of securing custody of the minor child. The main ground on which said writ was sought and on which it was granted was an alleged conflict of jurisdiction between the Circuit Court of Duval County and the Chancery Court of New Jersey. Respondent moves to quash and dismiss the writ of habeas corpus. We treat both as a motion to dismiss. Watland v. Hurley, 132 Fla. 892, 182 So. 442.

The motion to dismiss challenges the alleged conflict of jurisdiction between the Circuit Court of Duval County and the Chancery Court of New Jersey, and further contends that this Court should not assume jurisdiction to adjudicate the custody of the minor child when the bill for divorce is pending in Duval County in which that question is also involved.

Petitioner grounds his charge of conflict of jurisdiction on the fact that the domicile or residence of the child is that of the father which is New Jersey, and while the mother may establish her residence in another jurisdiction for the purpose of securing a divorce she cannot so establish the domicile of the minor child and there prosecute a suit to adjudicate his custody.

It is true that under the common law the father had the superior legal right to the custody of his minor child or children, but even under the common law this doctrine was

subject to modification if necessary in the interest and wel-
fare of the child. Hopkins v. Hopkins, 84 Fla. 500, 94
So. 157; Minick v. Minick, 111 Fla. 469, 149 So. 483.

The rule so stated is also modified by the doctrine that
when a divorce is granted on constructive service, as was
the case when relator's divorce was granted, the defendant
and the minor child being without the jurisdiction of the
court, the said court has no authority to award custody of
the minor child or children to the plaintiff. The minor child
or children must in other words be in the jurisdiction of
the court before their custody will be considered and adjudi-
cated. Seeley v. Seeley, 209 U. S. 544, 52 L. Ed. 919,
28 Sup. Ct. 570; Kline v. Kline, 57 Iowa 386, 10 N. W. 825;
Harris v. Harris, 115 N. C. 587, 20 S. E. 187; Brandon v.
Brandon, 154 Ga. 661, 115 S. E. 115; Wilson v. Wilson,
136 Va. 643, 118 S. E. 270.

These cases also establish the rule that the doctrine of
comity plays no part in the adjudication of such cases.
Neither are decrees in such cases protected by the full faith
and credit provision of the Federal Constitution. This on
the theory that the welfare of the child is the question of
primary consideration, and this can best be determined by
the Court who has jurisdiction of it, and in whose juris-
diction it resides.

The record discloses that Respondent left Petitioner in
September, 1937, that she immediately took up her residence
and domicile in Duval County, Florida, where she has since
continuously resided with her minor child, that she brought
suit for divorce against petitioner in said county, prayed
for an adjudication of the custody of her minor child in
said suit, and that said cause has proceeded to the taking
of testimony on these questions.

In this state of the law and facts, it conclusively appears

that the Circuit Court of Duval County has jurisdiction of, and is the proper forum to adjudicate the custody of said minor child, that there is no conflict of jurisdiction as alleged and no good reason is shown why this Court should intervene.

The motion to dismiss the writ of habeas corpus is therefore granted. It is so ordered.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.