TERRELL, Justice.
October 6, 1954, John M. Gessler instituted this suit in the circuit court of Hills-borough County, seeking to secure the custody of his two minor children, Gretchen Gessler, aged eight, and John M. Gessler, Jr., aged six. The complaint alleges that John M. and Annette Gessler were married at Morristown, Pennsylvania, April 5, 1945 and lived there until they separated September 16, 1954, that said children were the product of their marriage but that on account of considerable domestic trouble having befallen them the respondent took both children and two colored servants and drove with them to Tampa, Florida, where he established his domicile.
Before leaving Pennsylvania the respondent had for some time been refused the privilege of seeing or conversing with his wife, so he sent her. a letter advising her of his plans, giving her his forwarding address and where she could get in contact with him and the children at Tampa. Respondent also provided for his wife’s support in Pennsylvania until such time as she elected to join the family in Florida. Respondent arrived at Tampa September 18, leased a home and placed the children in a good private school where they were supremely happy. Late' in the afternoon of September 22, 1954, when the respondent was away, the mother located the home, found the children playing in the yard, commanded them to get in the car with her and proceeded at once with them to Pennsylvania. Respondent has since been refused access to or information about them.
The complaint further alleges that this suit is the only means under the circumstances by which respondent can secure custody of his children, that he is able to provide for and educate them and wants to do so, and that it is to the interest of the children that he be awarded their custody. Constructive service was secured on defendant who moved to dismiss the com-
plaint. The motion to dismiss was overruled and defendant was directed to answer within 30 days. Defendant brought the latter order here for review by certio-rari under 30 F.S.A. Rule 34 of the rules of this Court.
Under the circumstances thus detailed, we are confronted at the outset with the question of whether or not the chancellor acquired jurisdiction of the mother such as would authorize him to consider taking the custody of the children from her and placing it in the father.
F.S. ,§ 744.13(1), F.S.A. provides that the “mother and father jointly are natural guardians of their own children and of their adopted children during infancy.” The father and mother in this case had claimed their domicile in Pennsylvania until the father decided to change his domicile to Florida and proceeded to Tampa with the children September 16, 1954. October 6, notice to defend this suit was addressed to the mother at her Pennsylvania address. She was required to defend on or before November 8, 1954. November 18, 1954 she appeared specially for the sole purpose of contesting the jurisdiction of the Court, she moved to dismiss for lack of" jurisdiction over the person, insufficiency of process and insufficiency of service of process.
Respondent contends that since he had declared the intention to establish his domicile in Florida and had brought his minor children to Florida with him, the Florida courts have jurisdiction over the non-resident mother who came to Florida forcibly took charge of the children and transported them back to Pennsylvania without notice to the father. It is further contended that under such circumstances it is not material that the mother was a resident of another state where the children were located prior to institution of this proceeding. When this is the case, contends respondent, jurisdiction over the mother for custodial 'purposes máy be secured by publication.' ■
The decision^' do not support this contention. Neither the mother ‘nor" the *724 children are in the State of Florida nor have they been since this suit was instituted.' The mother did not come here personally to move for dismissal of the cause but if she had done so this Court is committed to the doctrine that when the custody of minor children is involved they must be in the jurisdiction of the Court before the question will be considered or adjudicated. There may be exceptions to this if the mother is personally in the court’s jurisdiction. State ex rel. Rasco v. Rasco, 139 Fla. 349, 190 So. 510; May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221, and James v. James, Fla., 64 So.2d 534; Kallet v. Fitzpatrick, Sup., 131 N.Y. S.2d 9.
In May v. Anderson just cited, Justice Jackson pointed opt that for the reason we are historically a mobile people the rigid concept of domicile, rooted.in the common law becapse of feudal attachment to land is too stern for a society so restless as ours. Our law, . however, recognizes separate legal entities, consequently the means so provided is the method of recognizing them. The legislature and the decisions have liberalized the situation here in various ways, one of which is by providing that the father and mother are. joint guardians of the children and that each may have a domicile for the purpose of determining guardianship.
There is nothing whatever involved in this case but the question of guardianship which has generally been considered in equity only as an incident to divorce or separate maintenance. It is true that in such cases all questions but guardianship are often washed out but the practice prevails that when initially guardianship is the question presented habeas corpus is the proper remedy. It may be unfortunate for respondent that habeas corpus is not available to him here but the husband and the children had only been here four days and the wife had never established her domicile here. She still claims her, domicile in Pennsylvania where the children were born and where both parties have spent the major portion of their lives. That is where the parties are known, witnesses are there, it is the place where it will be the most practical to litigate the question and where the fitness and competency of the parents to be guardian can be determined.
We see no escape from the conclusion that this is a proceeding in personam against a non-resident defendant, that the courts of Pennsylvania have jurisdiction of the wife and the minor children and being so the writ of certiorari is granted and the order appealed from is quashed, with directions to dismiss the bill.
It is so ordered.
MATHEWS, C. J., and THOMAS and BUFORD, JJ„ concur.