### OSGOOD v. OSGOOD.

No. H. C. 2162.

Circuit Court, Dade County.

March 10, 1960.

Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for petitioner.

Shevin, Goodman & Holtzman, and Robert C. Lane, all of Miami, for respondent.

ROBERT H. ANDERSON, Circuit Judge.

*Opinion:* This is a habeas corpus proceeding by Dr. Charles K. Osgood against his former wife, Patricia G. Osgood (Cerone), to secure the custody of Warren C. Osgood, a minor child of the parties. The petitioner alleges that the custody of the boy was awarded to him by a decree of the supreme court of Onondaga County, New York, dated February 13, 1959, which divorced the parties upon the ground of the wife's adultery and awarded the custody of four children, including Warren, to the husband. This decree, the petitioner insists, is entitled to full faith and credit under the federal constitution.

Warren C. Osgood was produced at the hearing.

The respondent admits that the petitioner filed a suit for divorce from her in New York, at which time she and the minor children were residents of and present in the state of New York, and that personal service was had on her. She further says that after the New York suit was instituted she and the petitioner reconciled their differences and lived together as husband and wife from June 3, 1958 to July 14, 1958, at which time she left the home of the parties with the minor child, Warren, and proceeded to Dade County, Florida. She says that no additional service of process or notice in regard to the proceedings were received by her after the date of reconciliation, and she was never given any additional notice or opportunity to defend on the question of child custody after the date of the reconciliation. She admits removing the child to Florida and that the minor child is now in her custody; she denies that the New York decree is entitled to full faith and credit or to any consideration under the doctrine of comity, and denies the right of custody of the minor child to the petitioner; she further says that she has remarried since the decree of divorce and is now living with her present husband, Pat Cerone, who is self-employed, and that she is employed by physicians as a secretary while the minor child attends public school; that she is well able to adequately support the child and that she found it necessary to seek employment because the petitioner has refused to support the child since July 14, 1958.

We will first examine the validity of the New York decree. The parties were married at Bellows Falls, Vermont in 1947. Thereafter they lived in Boston, New York, New Jersey and Syracuse. They moved to DeWitt, New York, which is a suburb of Syracuse in 1952. Mrs. Osgood left Dr. Osgood in April of 1958 and went to Brewerton, New York to live with Mr. Cerone, who was also married at the time. They lived together for something over a month, during which time Dr. Osgood filed suit for divorce charging his wife with adultery and asking for custody of their four children. She was personally served with process. While the suit was pending the parties became reconciled and the wife returned to the marital domicile in about a month. After that time, they lived together for another month when the wife again left the marital home surreptitiously, took the youngest child with her and moved to Florida.

The decree of divorce was entered on February 13, 1959. It awarded plaintiff an interlocutory judgment dissolving the marriage and divorcing the parties which became final in three months. It permitted the plaintiff husband to remarry but forbade the defendant wife to remarry any other person during the lifetime of the plaintiff, except with permission of the court; there is neither allegation nor proof that the wife's remarrying was with the permission of the court, but this provision is probably ineffective outside of New York state. It decreed that custody of the four minor children be awarded to the father.

The New York decree, at least insofar as it dissolved the bonds of matrimony is concerned, is certainly entitled to full faith and credit under the federal constitution. Williams v. North Carolina (1945), 325 U.S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577, 157 A.L.R. 1366.

It is true it is not entitled to full faith and credit insofar as it awarded the custody of the children to the father. In re Vermeulen's Petition (Fla. App. 1959), 114 So. 2d 192. But it is entitled to recognition, not conclusive perhaps, but to some recognition under rules of comity. Rhoades v. Bohn (Fla. App. 1959), 114 So. 2d 493.

Now if, as the respondent urges, this decree was invalid because of no further service of process upon her after her alleged reconciliation with her husband and his alleged condonation, then it is also invalid so far as the dissolution of the marriage is concerned. Surely she does not want that, for obvious reasons.

Under New York law, condonation is a conditional forgiveness of an injury and repetition of the offense revives the condoned adultery. Kreighbaum v. Kreighbaum (Sup. Ct. 1922), 192

N.Y.S. 516, and the supreme court of New York in Maggio v. Maggio (1955), 145 N.Y.S. 2d 662, held that where husband and wife were allegedly reconciled for a period of eight months following the commencement of action by the wife and again separated due to alleged and continued added cruelty by the husband, endurance of cruelty in hope of overcoming its practice did not condone the original practice which induced commencement of suit and such a reconciliation following commencement of action was conditional and left the cause of action in suspense. So it seems clear that, under New York law, the alleged reconciliation of the parties, and the living together for something more than a month prior to the wife's leaving the house and moving to Florida, taking with her the child, was not in fact a condonation and such a reconciliation was conditional and left the cause of action in suspense. This means, of course, that no further service of process or notice of subsequent proceedings in the divorce case brought by the husband in the New York courts was necessary.

The court cannot say that the respondent is an unfit person to have the custody of the child. She doubtless has some very good qualities and perhaps would make a suitable mother. On the other hand the boy has been separated from his brothers and sister with whom ordinarily it is desirable he should be raised. It is true, according to the testimony, that he gets along very well with Mr. Cerone's son who is 12 years old, but that is an association that may or may not be lasting. He would be better off with his own sister and brothers. Here lies his best interest. The father, the petitioner, has remarried and appears to have established a satisfactory home for his children. These cases are hard to decide. The equities, however, are with the petitioner. He is entitled, prima facie, to the custody of his minor son. Witt v. Burford (1922), 84 Fla. 201, 93 So. 186. McCaun v. Proskauer (1927), 93 Fla. 383, 112 So. 621.

The New York court has given the custody of the boy to his father. This court will do likewise. An appropriate order will be entered.

*Judgment:* Whereas, a writ of habeas corpus was on the 29th day of January, 1960, issued herein upon the application of Dr. Charles K. Osgood in behalf of Warren C. Osgood, directed to Patricia G. Osgood, and

Whereas, on the 24th day of February, 1960, at 9:30 A.M., Patricia G. Osgood, in obedience to the writ of habeas corpus, produced the body of Warren C. Osgood before this court and made answer and return to the writ of habeas corpus, showing

in substance that she had the custody of Warren C. Osgood in the County of Dade, State of Florida and within the jurisdiction of this court, and that she had remarried since the entry of the divorce decree of New York state which awarded the custody of Warren C. Osgood to the petitioner, and that it was in his best interest that she retain the custody of Warren C. Osgood, and

Whereas, on the date aforesaid, upon a full consideration of the writ and return and upon all the evidence introduced on the part of the petitioner as well as on the part of the respondent, and having heard the argument of their respective counsel, it appears that the best interest and welfare of Warren C. Osgood require that his father, Dr. Charles K. Osgood, should have the care, custody and control of Warren C. Osgood, and that Dr. Charles K. Osgood, the petitioner, is entitled to the care, custody and control of Warren C. Osgood, and that Patricia G. Osgood (Cerone) has illegally restrained him, Warren C. Osgood, of his liberty,

It is ordered that Warren C. Osgood be and he is hereby released from the care, custody and control of Patricia G. Osgood (Cerone) and that she surrender the custody of him, Warren C. Osgood, and that Dr. Charles K. Osgood, the petitioner, and the natural father of Warren C. Osgood, have the care, custody and control of Warren C. Osgood.