PER CURIAM.
Appellant, Clarence Levi Crane, was held in contempt by the Circuit Court of Palm Beach County for failure to comply with an order of the court requiring him to deliver custody of his minor child to Christina Bruce Hayes, the child’s mother. It is the order of contempt which we are asked to review by this interlocutory appeal.
The history of the litigation between appellant and his divorced wife over the custody of their minor child is somewhat lengthy and is replete with conduct on the part of both evidencing a contumacious disregard of those court orders with which they were dissatisfied. Because the issue which is presented to us for appellate determination is narrowly framed, we recite here only the history essential to the point involved.
In December, 1967, appellant filed in the Circuit Court of Palm Beach County, Florida (as cáse No. 68-20) his petition for writ of habeas corpus seeking custody of his two and one-half year old daughter who was then in the physical custody of his former wife, Christina Bruce Hayes, and/or her parents. His claim to custody of the child was based upon a final judgment in habeas corpus entered by a North Carolina court on November 17, 1967, awarding him such custody. As a result of this petition, a final judgment was entered by the Circuit Court of Palm Beach County on March 25, 1968, in which full faith and credit was afforded to the North Carolina judgment, and in which it was ordered that the minor child be placed in the custody of the petitioner, appellant herein. The court did not expressly retain jurisdiction for future modification of the judgment. An appeal from that judgment was ultimately dismissed by this court in September, 1968, thereby apparently vesting it with finality.
Christina Bruce Hayes refused to comply with the order of March 25, 1968, and continued to retain physical custody of the minor child until August 1, 1969. On that date Christina physically delivered custody of the child to Clarence in Palm Beach *546 County. Simultaneously therewith, Christina served Clarence with a pleading styled in the same habeas corpus case, No. 68-20, and entitled “Petition for Temporary Custody and Petition for Modification”. Appellant moved to dismiss this petition for lack of jurisdiction over the subject matter. The motion was denied. After a full hearing on the merits as to the minor child’s welfare and best interest, the court entered its order dated September 10, 1969, awarding the custody of the child to Christina, and directing Clarence to surrender custody no later than October 1, 1969. Appellant’s failure to comply with the order of September 10, 1969, led to the contempt order here appealed.
Appellant’s position is that the Circuit Court of Palm Beach County had no jurisdiction to enter the order of September 10, 1969, and therefore appellant cannot be held in contempt for failure to obey such order. It has been held that disobedience of an order issued without jurisdiction is not contempt. State ex rel. Everette v. Petteway, 1938, 131 Fla. 516, 179 So. 666; In re S.L.T., Fla.App.1965, 180 So.2d 374. Hence, the only issue for our determination is whether the Circuit Court had jurisdiction to enter the order of September 10, 1969, or stated as an abstract question, whether a trial court, whose judgment in a habeas corpus proceeding involving custody of a minor child has become final, has continuing jurisdiction in the same proceeding to subsequently modify such judgment. We conclude on reason and logic, having in mind the nature of ha-beas corpus child custody proceedings, that the question should be answered in the affirmative.
When habeas corpus proceedings are used to determine custody of a minor child, the inquiry is entirely equitable in its nature. Hancock v. Dupree, 1930, 100 Fla. 617, 129 So. 822. Courts of equity have inherent jurisdiction to control and protect infants, Cone v. Cone, Fla. 1953, 62 So.2d 907, and may exercise its continuing jurisdiction to modify its decree as to the custody of children until the children reach their majority. Schraner v. Schraner, Fla.App.1959, 110 So.2d 33. While the two cases last cited, Cone and Schraner, both involved modification of custody awarded under a divorce decree, the principle for which they are cited, namely the inherent and continuing jurisdiction of a court of equity over the interests of minor children, is nonetheless validly applied in habeas corpus child custody cases which are essentially equitable in nature. See also Cooper v. Cooper, Fla.App. 1967, 194 So.2d 278.
We know that in this jurisdiction a court in a habeas corpus proceeding relating to custody of a child not only may determine who shall have custody of the child as the child’s welfare and best interest may require, but also may adjudicate questions as to the child’s support. O’Neal v. O’Neal, Fla.App.1963, 158 So.2d 586. If the court can determine the child’s custody and can adjudicate questions of the support of the child, it has the inherent power to enforce its judgment beyond the date that the same became finalized. If the court has continuing jurisdiction to oversee and enforce its judgment, it seems entirely logical for it to have the power and authority to modify the judgment when there has been such a substantial change of circumstances that it would be equitable to do so.
There seems no question but that had the child’s mother filed a new and separate petition for habeas corpus with the Clerk of the Circuit Court and process had issued, service of such process (together with a copy of the petition) would have vested the court with jurisdiction. In that event, at a hearing on the merits the identical issues would have been considered and determined by the court as were considered and determined by it at hearing on the petition for modification. It would seem to place form over substance to grant the court ju *547 risdiction in the one case and deny it in the other.
We have found no Florida case holding directly on point. In the case of Hopkins v. Hopkins, 1922, 84 Fla. 500, 94 So. 157, the court noted in its opinion, reversing a custody award in a habeas corpus proceeding and directing that custody of both minor sons be awarded to the father, that such judgment would be “subject to further orders of the court as the future may require to conserve the welfare of the sons individually and collectively.” Such language is at least tacit recognition that the trial court would have continuing jurisdiction to review the matter of custody during the children’s minority.
We repeat for the purpose of emphasis that what we have said here is uniquely applicable to habeas corpus child custody cases only and would have no application to other habeas corpus proceedings.
The order is affirmed.
WALDEN, REED and OWEN, JJ., ' concur.
On Petition for Rehearing
Ordered that appellant’s petition for rehearing, filed February 9, 1971, is hereby denied; further,
Ordered that the opinion of this court filed January 25, 1971, is hereby certified to be one which passes upon a question of great public interest. F.A.R. 4.5(c)(6), 32 F.S.A.; further,
Ordered that the question certified is as follows:
Whether or not in a habeas corpus proceeding involving child custody does the trial court, once its jurisdiction has become final, retain continuing jurisdiction in the same proceeding to enforce and/or modify such judgment at a subsequent date.