## ELMER J. BUCKMAN v. NELSON V. HOUGHTON.[1]

April 8, 1938.

No. 31,627.

*B. D. Grogan,* for appellant.

*C. J. Laurisch,* for respondent.

LORING, JUSTICE.

This is an appeal from a decree granted on the petition of the respondent to adopt Ross Lawson Houghton, a minor 14 years of age. Ross is the son of the appellant and his former wife, Margaret Houghton Buckman. During part of their married life Mar-

[1]Reported in 278 N. W. 908.

garet lived at the home of her parents. In September, 1931, Margaret obtained a decree of absolute divorce from the appellant in Illinois on the ground of habitual drunkenness. By that decree she was awarded the care, custody, control, and education of Ross, the court reserving for a future order and decree the matter of alimony and support money. No such subsequent order was ever entered. The decree, however, provided that the child should be permitted to visit his father every Saturday during the daytime, to return before dark, and for alternate two-week periods during school vacations. By some arrangement between themselves the parties to the divorce proceedings agreed that the husband was to pay his divorced wife ten dollars a month for the support of the child. Only two of these payments were made. In October of 1931 Margaret married the respondent and removed to Mankato in this state, taking Ross with her. Apparently after that the appellant ceased to pay the ten dollars a month, and Ross ceased to visit his father under the permission granted in the decree. In July, 1937, while Margaret and her son were visiting at her former home in Illinois, the appellant started *habeas corpus* proceedings to obtain the custody of Ross. The hearing on these proceedings was evidently adjourned from time to time and apparently has not yet taken place. September 9, 1937, this respondent petitioned the district court of Blue Earth county upon notice to the appellant and to Margaret for the adoption of Ross. October 8, 1937, that court made its findings and order for judgment, and a decree of adoption was entered.

The appellant attacks the decree on the ground that it should not have been entered pending the final determination of the *habeas corpus* proceedings and also pending the making of a final order for alimony and support money in the divorce proceedings in Illinois. He also asserts that the court erred in finding that he had abandoned Ross; that the decree of adoption was a violation of his rights under art. 4, § 1, of the constitution of the United States, which requires that full faith and credit be given in each state to the judicial proceedings in every other state. He states that he is not seeking the custody of the child nor attempting to remove the

child to his own home in Illinois; that he is merely fighting for the right and privilege of seeing his son, which right he asserts will be denied him forever if the adoption decree is permitted to stand.

By the Illinois decree Ross was entirely freed from control by his father. For purposes of control, he "is no longer the child of the divorced father." Wilkinson v. Deming, 80 Ill. 342, 343, 22 Am. R. 192. The father merely had the privilege of receiving visits from Ross; he was not even given temporary custody of the child during such visits. Margaret had the right to change her domicile, and, having the custody of Ross, his domicile changed with hers, and the court of the new domicile has jurisdiction to determine his custody without impairing the full faith and credit given the Illinois decree. State ex rel. Larson v. Larson, 190 Minn. 489, 492, 252 N. W. 329. In fact, no attempt here appears to violate any provisions of that decree. The Illinois court has made no decree which in any way asserts a right which would be violated by this decree of adoption.

Decree affirmed.

MR. JUSTICE HILTON, because of illness, took no part in the consideration or decision of this case.