NANCY CARR DORMAN, Petitioner, v. EDWARD FRIENDLY, Respondent.

1 So. (2nd) 734
Division A
Opinion Filed April 22, 1941
Rehearing Denied May 13, 1941

*Wm. H. Rogers, Taylor, Jones & Rogers, Towers & Bailey,* for Petitioner;

*E. E. Hazard, George W. Thames* and *Hazard & Thames, Davies, Richberg, Beebe, Busick & Richardson* (Washington D. C.) and *Ingebretsen, Ray, Rawlins & Christensen* (Salt Lake City, Utah), for Respondent.

BUFORD, J.—In January, 1939, plaintiff, then Nancy Carr Friendly, exhibited in the Circuit Court of Duval County, Florida, her bill of complaint against Edward Friendly seeking divorce, custody of two minor children and an allowance for the support and maintenance of the children. Defendant appeared and answered. Issues were made up, testimony taken, and on final hearing on March 31st, 1939, decree of divorce was entered which, *inter alia,* provided:

"II.   That the plaintiff, Nancy Carr Friendly, is awarded the exclusive care, custody and control of Julian Carr Friendly and Margaret Friendly, the two minor children of the parties to this cause, with the right to the defendant, Edward Friendly, to visit said children at any and all reasonable times.

"III.   That the defendant, Edward Friendly, shall, upon the entry of this decree, pay to the plaintiff, Nancy Carr Friendly, the sum of One Thousand Seven Hundred and

Fifty Dollars ($1,750.00) for the support of said minor children to and including the month of March, 1939, and the further sum of Two hundred and Fifty dollars ($250.00) per month thereafter until further order of this court, the first monthly payment to be made on April 1, 1939, and continuing thereafter on the first day of each and every calendar month until otherwise ordered by this court. That this court retains jurisdiction of this cause and of said parties for the purpose of making such further orders and decrees herein relating to the subject of the support and maintenance of said minor children as may be meet and proper, upon application of either party, in view of circumstances which may warrant modification of this decree."

There was no reservation of jurisdiction except as stated, *supra*. There was no order requiring that the children be kept within the jurisdiction of the court.

At the time of the institution of the suit, and at the date of the entry of the decree, the plaintiff was domiciled with the children in Florida and the defendant was domiciled in the State of New York.

Some time after the entry of the final decree, plaintiff moved to the State of Virginia and there established the permanent domicile of herself and the two minor children. There was neither order of court nor any statute which affected her right to so remove from this State and establish her domicile and that of the children in the sister State, where they have ever since remained.

On February 28, 1940, the defendant filed a petition in the original suit in Duval County, Florida, praying for modification of final decree so as to reduce the amount to be paid for the support and maintenance of the children and to award to him the custody of the children.

Plaintiff filed answer to the petition alleging that she and

the children are residents of and domiciled in Warrenton, Virginia, and that the Circuit Court of Duval County, Florida, is now without jurisdiction over the children. She also alleged that defendant is a resident of Salt Lake City, Utah.

On December 19, 1940, plaintiff filed motion, verified under oath. In this motion it is shown that plaintiff and the minor children are domiciled in the State of Virginia and the children are not within the jurisdiction of the courts of Florida and prayed that the order of reference be limited to the question of support and maintenance money for the benefit of the minor children and that no reference be made on the question of the custody of the minor children.

On December 20, 1940, the court denied plaintiff's motion to limit the order of reference. Upon the chancellor inquiring concerning the truth of the allegations of plaintiff's motion, and counsel for defendant neither admitting nor denying the truth of such allegations, the plaintiff *ore tenus* made a motion requesting a preliminary reference on the questions of domicile if any issue in fact existed upon such question. The court held that the Circuit Court of Duval County, Florida, has jurisdiction of the custody of the minor children, even though the plaintiff and the minor children are lawfully domiciled in the State of Virginia, and made an order referring the cause to a special master on the issues including the right to custody of the children.

The orders of the chancellor holding that the Circuit Court of Duval County, Florida, regardless of and even though the children are domiciled not in Florida but in a sister State, are challenged here on petition for certiorari under Rule 34 of this Court.

Petitioner poses two questions for our consideration, as follows:

"Does a Florida chancery court have jurisdiction of the

custody of minor children who are citizens of and domiciled in a sister State and who are physically present in a sister State and not in the State of Florida?

"Where the father of minor children is domiciled in and physically present in the State of Utah and both the mother and the minor children, whose exclusive custody has previously been awarded to the mother by a Florida chancery court in a divorce suit, are domiciled in and physically present in the State of Virginia, should the Florida chancery court thereafter decline to exercise jurisdiction over the custody of the minor children upon principles of comity and propriety?"

This is a case of first impression in this Court under factual conditions present here. After a careful review of the authorities, we reach the conclusion that the motion of the plaintiff, *supra,* praying that the present domicile of the children be determined by the court should have been granted and that question should have been determined before the court attempted to exercise its challenged jurisdiction over the custody of the children because an infant is the ward of the court having jurisdiction of the person of such infant. See 31 C. J. 988, Sec. 6, wherein it is said:

"The courts of the State wherein the child legally resides should determine conflicting claims as to his custody, and the courts of another State are without power in the premises and cannot obtain jurisdiction for such purpose over the persons temporarily within the State. However, if the child is actually within the jurisdiction of the court, although his legal domicile is elsewhere, the court may determine conflicting claims as to his custody." See also case cited in note following text.

It must be borne in mind that in the final decree of divorce the court did not reserve jurisdiction to modify or

change the order awarding the custody of the children to the mother. We cannot agree with the contention of the respondent that the jurisdiction over the mother to determine the question of modification of the decree as to maintenance and support of the children carries with it jurisdiction of the person of the children domiciled in a sister State so as to place them in the custody of the father who is domiciled in still another sister State.

We think it untenable to assume that in a case where a father is domiciled with his minor children in Ohio where the children remain and where the mother acquires and establishes a separate residence in Florida, filed suit for and procures divorce, that the Florida court could have jurisdiction to award the custody of such minor children to the custody of the mother in Florida.

In awarding custody of minor children the first consideration to be observed is the welfare of the children and that welfare must be determined by a court having jurisdiction of the children.

It, therefore, does not follow that when a court of chancery assumes jurisdiction in divorce proceedings, it may always proceed with the determination of all matters in controversy between the parties. The rule is that:

"Where a court of equity takes jurisdiction of a case for one purpose, it will proceed with the determination of all matters *properly presented* and will grant full relief." See Oyama v. Oyama, 138 Fla. 422, 189 Sou. 418.

A court must not only have jurisdiction of the parties but it must have jurisdiction of the subject matter also. The subject matter involved in the question of custody of minor children is the children themselves, and if the court has not jurisdiction of the children it has not jurisdiction of the subject matter to determine the right of custody as between the parties to the suit over which it may have jurisdiction.

Neither the case of Minick v. Minick, 111 Fla. 469, 149 Sou. 483, 491, or Duke v. Duke, 109 Fla. 325, 147 Sou. 588, are in point. In neither case was the question of jurisdiction over the custody of children domiciled outside the State of Florida involved.

In the Minick case the record showed that the father of the minor child was domiciled in Osceola County, Florida; and that the mother had, without consent of the father, taken the child to a sister State. The domicile of the child, in law, was the domicile of the father and it was held that the legal domicile of the child remained in Osceola County, Florida.

In the case of State *ex rel.* Rasco v. Rasco, 139 Fla. 349, 190 Sou. 510, it was held: "A court granting divorce on constructive service against wife outside court's jurisdiction with spouses' minor child has no authority to award child's custody to husband." In the same case it was also held: "A decree awarding custody of divorced parents' minor child outside jurisdiction of court granting divorce is not protected by full faith and credit provision of Federal Constitution." In the body of the opinion in that same case it was said: "The minor child or children must in other words be in the jurisdiction of the court before their custody will be considered and adjudicated. Seeley v. Seeley, 209 U. S. 544, 52 L. Ed. 919, 28 Sup. Ct. 570; Kline v. Kline, 57 Iowa 386, 10 N. W. 825; Harris v. Harris, 115 N. C. 587, 20 S. E. 187; Brandon v. Brandon, 154 Ga. 661, 115 S. E. 115; Wilson v. Wilson, 136 Va. 643, 118 S. E. 270."

In the case of State *ex rel.* Larson v. Larson, 190 Minn. 489, 252 N. W. 329, the court held: "Only court of that State in which minor child is domiciled can determine custody of child, since proceeding therefor is in nature of action *in rem.*" And also: "Where divorce decree in

sister State awarded custody of child to each parent alternately for six months of each year and mother subsequently established domicile in Minnesota, during period child was with mother Minnesota court could determine its custody without violating full faith and credit clause of Federal Constitution."

In Lanning v. Gregory, *et al.*, 100 Texas 310, 99 S. W. 542, 10 L. R. A. (N. S.) 690, the Supreme Court of Texas had under consideration a case where the mother and father were divorced in Texas and, by agreement, custody of the child was awarded to the father. The father moved with the child to the State of Louisiana and established his domicile there and although the child thereafter was temporarily present in the State of Texas, the court held: "Where a child was in the lawful custody of his father who was domiciled in Louisiana, the courts of Texas did not acquire jurisdiction of the child by reason of his temporary presence in that State, so as to authorize them to adjudge a change of the relation between the father and the child." And further held: "Where an infant was lawfully in the custody of his father, who was domiciled in Louisiana, the respective rights of the father and mother to the custody of the child should be determined by the Louisiana courts."

In the case of Person v. Person, 172 La. 740, 135 Sou. 225, the husband was granted divorce *a mensa et thoro* in Louisiana and was awarded custody of the three minor children of the marriage. The father then went to Illinois, taking the children with him. The court found that the father had not established domicile in Illinois and held that the Louisiana court still being the domicile of the father, had jurisdiction over the children and said:

"The next question to be determined is whether the civil district court had jurisdiction, in this instance, to make any award whatever, of the custody of the children. Its juris-

diction over the custody of minors, in suits of this character domiciled within its territorial jurisdiction, is not, and cannot be successfully questioned. Const. 1921, Art. VII, Secs. 81, 34. If, however, the children were not domiciled in this State when the court exercised jurisdiction, then it would seem to be clear that the court acted without jurisdiction, for the courts of one State have no power to change the status of citizens of another State, although they may be temporarily within its boundaries."

Thus, that court recognized that the question of jurisdiction depended upon the location of the domicile of the child at the time the court attempted to exercise jurisdiction over the child by adjudicating custody.

In Milner v. Gatlin, 139 Ga. 109, 76 S. E. 860, the court had before it a case where a husband and wife, residents of Texas, were married in Texas. One child was born. Thereafter the husband filed suit for divorce in Texas; the wife was served and appeared. The husband was granted divorce and, pursuant to stipulation, custody of the child was awarded to the husband. The father then moved to Georgia with the child and became domiciled there. Shortly thereafter, the mother applied to the Texas Court, which granted the divorce, for modification of the custody awarded. The citation was served on the father in Georgia. The Texas court awarded custody of the child to the mother. Thereafter, the mother went to Georgia and brought habeas corpus proceedings against her divorced husband, seeking to obtain custody of the child on authority of the Texas court's modification decree. The Georgia court held that upon the father of the child acquiring new domicile in Georgia, the Texas court was without jurisdiction to change the status of the child and that the modification decree was a nullity.

In Buckman v. Houghton, 202 Minn. 460, 278 N. W. 908,

the Supreme Court of Minnesota held that where the mother of a child was granted custody by a court in Illinois in divorce proceedings there and the mother and child there-after moved to Minnesota and acquired a new domicile, the courts of the new domicile acquired jurisdiction over the custody of the child without impairing the full faith and credit given the Illinois decree.

In Titcomb v. Superior Court in and for Santa Clara County, *et al.*, 220 Cal. 34, 29 Pac. (2d) 206, the Supreme Court of California held: "Where children whose custody has been judicially inquired into in another State subsequently become residents of State, children become subject to supervisory jurisdiction of State."

In The People, etc., *ex rel.* Crofts v. Wait, 243 Ill. App. 367, the Court said:

"The decree of divorce entered in Ohio was not *res adjudicata* as to the custody of the child. That decree as amended shows that the custody of the child was awarded to the father until the further order of that court. Moreover in the absence of any showing as to the provisions of the Ohio law, it will be presumed that it is the same as the law of this State touching the custody of children in a divorce proceeding. After a divorce decree in this State, the custody of children is always subject to the order of the court which entered the decree and may be changed from time to time as conditions warrant. The primary consideration is the best interest of the child. In this case we give full faith and credit to the decree of the Ohio court. But since the parties are all now living in this State, the Ohio court is without jurisdiction to make any order touching the custody of the child, and we are, as near as can be done, but carrying out the provisions of the decree when we hold that the custody may be changed according to the facts occurring after the divorce, if the

best interests of the child require that it be done. That the courts of this State have such power under the facts as disclosed by the record, is sustained by the following authorities: 9 R. C. L. Sec. 293, p. 477; 15 R. C. L. Sec. 417, p. 940; 19 C. J. Sec. 831, p. 366; *In re:* Alderman, 157 N. C. 507; State *ex rel.* Aldridge v. Aldridge, 163 Minn. 435; Milner v. Gatlin, 139 Ga. 109; Milner v. Gatlin, 143 Ga. 816; Kenner v. Kenner, 139 Tenn. 211; *In re:* Ashley, 113 Ore. 43; People *ex rel.* Hickey v. Hickey, 86 Ill. App. 20; *In re:* Bort, 25 Kan. 308; Seelye v. Seelye, 30 App. Cas. D. C. 191. Of course, if the parties were still living where the divorce was granted, habeas corpus would not lie, but they would be required to go before the court which granted the divorce for any order that would change the custody of the child. People *ex rel.* Hanawalt v. Small, 237 Ill. 169."

In Kruse v. Kruse, 150 Kan. 946, 96 Pac. (2d) 849, it was held:

"Where husband brought suit for divorce in Missouri where he and his wife were then domiciled, and Missouri court gave custody of child to the wife, but thereafter entered a decree giving custody of child to husband while child was in Kansas where wife took child after the divorce, child's domicile was in Kansas and Missouri court did not thereafter acquire jurisdiction over child on husband's subsequent proceeding to have decree modified, though wife filed a motion for continuance therein."

"A Missouri court's judgment awarding custody of child of divorced parents, which was void for want of jurisdiction, was not required to be recognized by Supreme Court of Kansas under the full faith and credit clause of the Federal Constitution."

In *In re:* Vanderwarker's Estate, Hicks v. Fox, 81 Minn.

197, 83 N. W. 538, it was held: "When a divorce has been granted to the wife, and unrestricted custody of the minor child of the marriage given her in the decree, her own domicile establishes that of the child." See also Griffin v. Griffin, 95 Ore. 78, 187 Pac. 598.

There are cases in apparent conflict with the authorities cited, *supra,* but we find on reading those cases that in practically all of them the contrary holding was based on statute prohibiting the removal of the minor child from the jurisdiction of the court awarding custody without the consent of both parties, prohibiting the removal of the child from the jurisdiction of the court without order of court or the consent of both parties to the cause.

In the instant case there is no such statutory or judicial prohibition.

For the reasons stated, the certiorari is awarded and the order complained of is quashed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.