64 So.2d 534 (1953)
JAMES
v.
JAMES.
Supreme Court of Florida, Special Division A.
April 14, 1953.
Hickey, Christie & Christie, Miami, for appellant.
David Drucker, Miami, for appellee.
MATHEWS, Justice.
This is an appeal from an order of the Chancellor modifying the provisions of a final decree with reference to the support of a minor child and the defining of the right of visitation granted in the final decree of divorce.
In the divorce proceedings which resulted in a final decree in April, 1950, there was a bill of complaint filed by the husband, an answer and cross-bill filed by the wife, and a reply to the cross-bill by the husband. At the time of the proceedings in the divorce suit, it appears that the husband was a permanent resident of Dade County and the wife was residing in Brooklyn, New York. There was a minor child, who at that time was three years of age, residing in New York with the mother. The mother submitted herself to the jurisdiction of the Court and prayed for the custody of the minor child and for support money to be paid to her for the minor child. In the final decree of divorce, the Chancellor, among other things, ordered, adjudged and decreed:
"2. That the custody of Bradley James be awarded to the Defendant, Florence James, subject to the right of reasonable visitation.
"3. That the Plaintiff, William James, pay to the Defendant, Florence James, the sum of Ten ($10.00) Dollars per week for the support and maintenance of the minor child, Bradley James.
"4. That the Court retain jurisdiction to modify this Decree, as to the support of the said child."
On January 29, 1952, petition for modification of the final decree was filed together with a notice of hearing. A hearing was had before the Chancellor in which the wife and the husband testified. The testimony was not transcribed but according to the record, the facts are undisputed.
It appears that at that time the child was five and one-half years of age and was residing at a boarding house in Brooklyn, New York. The defendant wife lived in New York but came to Miami Beach each winter where she works for about four *535 months each year. While working in Miami Beach, she leaves the child with her sister in New York. Since the granting of the decree of divorce, the husband has remarried, owns a modest home in Miami and such home is a proper environment for the child. When the decree of divorce was granted, the husband had no home in which to place the child. In the order appealed from the Chancellor stated:
"* * * When the decree was entered in April of 1950 the plaintiff had no home and the child was three. Reasonable visitation could only mean the right of the father to come to the home of the mother to see the child. Since the plaintiff was in modest financial circumstances and lived some 1300 miles away, this `right' was more academic than real. Now the circumstances have changed. The father does have a good place for the boy and the child is old enough to leave home for a reasonable period. Under these circumstances, the right of reasonable visitation can actually mean something by having the boy visit with the plaintiff. The period should be long enough to justify the expense of travel and to take into account the fact that this constitutes all the visitation for a year. The period should be short enough to be a visit and not partial custody.
"It is ordered, and decreed that the right of visitation heretofore granted the plaintiff be construed to mean that the plaintiff may have his boy, Bradley, visit in the home of the plaintiff in Dade County, Florida for a month during the summer while school is not in session, the plaintiff to provide and pay for the transportation of the boy from New York to Miami and return. Unless the parties mutually agree, the month shall be July. During the time the child is with the father he is not required to pay the mother the $45.00 monthly for support, and if the mother refuses, unreasonably, to comply with the visitation as here prescribed, the plaintiff is excused from further support payments until the further order of the Court. * * *"
It is insisted by the appellant that the case of Dorman v. Friendly, 146 Fla. 732, 1 So.2d 734, is controlling in this case, and because the child is domiciled in the State of New York the Chancellor was without jurisdiction to make the order complained of. The facts in Dorman v. Friendly, supra, are entirely different from the facts in this case. In that case, at the time of the institution of the suit and the date of the entry of the decree, the plaintiff was domiciled with her children in Florida and the defendant was domiciled in the State of New York. After the entry of the final decree, the plaintiff moved to the State of Virginia and established a domicile there for herself and children, and had ever since been domiciled in Virginia. The defendant had moved his place of residence to Salt Lake City, Utah. The primary question involved and discussed in that case, Dorman v. Friendly, supra, was a change in the custody of minor children.
In the case at bar the Chancellor made no order with reference to the custody of the minor child but it was limited to a proper clarification of the right of visitation and the making of such right effective in view of the changed conditions of the parties. In the original decree of divorce the Chancellor reserved to the husband "the right of reasonable visitation" and retained "jurisdiction to modify this decree as to the support of the said child." The husband is required by the order modifying the decree to pay the expenses of the child while it is visiting him and relieved from the duty of paying to the wife any sum for the support and maintenance of the child while the same is visiting with the father. In order to make his decree effective and as a method of enforcing the same, the order of modification provided that if the mother, (who was before the Chancellor) having custody of the child by reason of the final decree, refuses unreasonably to comply with the visitation as prescribed, the husband would be excused from the further support payments until the further order of the Court.
*536 In this case, at the time of the filing of the suit and the entry of the original final decree, the child was in New York and the mother submitted herself to the jurisdiction of the Court in Dade County, Florida. She appeared in the suit. She prayed that the Court award her the custody of the child and award to her support money for the child. The Court granted her prayer by awarding the custody of the child to her "subject to the right of reasonable visitation" by the father. The original award for support and maintenance for the minor child was made to the mother with a retention of jurisdiction by the Court to modify the decree as to the support of the child. At the time of the order complained about, the mother and father were before the Court and each of them testified before the Chancellor. The Court had jurisdiction of the father and the mother. Under court order the mother had custody of the child. The actual person of the child was in New York but the mother, over whom the Court had jurisdiction, being personally present in Court in Dade County, the child was constructively present, if such presence was necessary to give the Court jurisdiction to make the order complained of. A legal guardian of a child or a person having the custody of a child under a court order, and who is personally present before a Court having jurisdiction of the person as the legal custodian or guardian of a child, is in no position to complain that the Court is without jurisdiction to make any orders or give any directions to such custodian or guardian with reference to the child or for the support and maintenance of the child.
In the article on Infants in 27 Am.Jur. 822, 823, Sec. 101, we find the following:
"* * * A court of equity has jurisdiction over the persons as well as the property of infants. This jurisdiction is broad, comprehensive, and plenary. In all suits or legal proceedings of whatever nature, in which the personal or property rights of a minor are involved, the protective powers of a court of chancery may be invoked whenever it becomes necessary fully to protect such rights. If such proceedings are instituted and it appears to the court that the infant is unrepresented by anyone fully charged with the power and duty of protecting his interests, it is the duty of the court to appoint a guardian ad litem for the minor. But the court's duty does not end here. The minor, in such an action, becomes a ward of the court of chancery, and the chancellor himself is, in legal contemplation, the infant's guardian. When a guardian is appointed, whether a guardian ad litem or a general guardian, he is regarded as the agent of the court and of the state for the discharge of that parental duty. * * *"
We find no error in the order complained of. Should this opinion be in conflict with any portion of the opinion in Dorman v. Friendly, supra, the same is overruled and receded from to the extent of such conflict.
Affirmed.
ROBERTS, C.J., and TERRELL and DREW, JJ., concur.