ROBERTS, Chief Justice.
We here review, on certiorari, a rule to show cause entered by the Circuit Court of Dade County in contempt proceedings initiated by the respondent against the petitioner to enforce the provisions as to child custody and support money contained in a divorce decree theretofore entered by the Circuit Court of Alachua County. We are also requested to review an order of the Dade County court requiring the petitioner to transfer the children to the respondent during the pendency of the contempt proceedings. We issued a constitutional stay writ to relieve the petitioner from the necessity of complying with the last-named order pending a review by this court of the matters here presented.
The principal question here is whether the Circuit Court of Dade County had jurisdiction to entertain the respondent’s complaint in the contempt proceedings as to the custody of the children. Only the respondent-mother is a resident of Dade County. The petitioner-father presently resides in Orange County, and the children are with him in that county. -Ordinarily, then, a suit affecting, the custody of the children, if resisted by the father, could not be brought in Dade County, since it is his privilege to be sued in the. county “where the defendant resides, or where the cause of action accrued, or where the property in litigation is located.” Section 46.01, Florida Statutes F.S.A. The subject matter of a child custody case is the child, Dorman v. Friendly, 146 Fla. 732, 1 So.2d 734. But see James v. James, Fla., 64 So.2d 534, which modifies the Dorman case to some extent, where both parents submit themselves to the jurisdiction of a court which has no jurisdiction over the children.
The respondent contends, however, that jurisdiction is conferred on the Dade County court by virtue of the provisions of Chapter 28187, Laws of Florida, Acts of 1953. We cannot agree. Chapter 28187, by its terms, applies only to the enforcement of orders and decrees “for the payment of alimony or support money for children, or both,” and provides that suits to enforce such orders or decrees may be brought either in the county where the person to whom the money is required to be paid resides, or in the county where the person charged with its payment resides. In other words, the statute simply withdraws from a husband or father who has failed to comply with the terms of a decree respecting the payment of alimony or support money for children, the privilege of being sued in the counties designated by Section 46.01, supra. To extend it beyond its- express terms would, we believe, be an invasion of the legislative field; and this, of course, we cannot do.
Accordingly, it must be held that the Dade County court erred in talcing jurisdiction of the respondent’s petition as to' the custody of the children over the protest of the petitioner, and the rule to show cause should be modified so as to apply only to the question of support of the children. It follows that the order transferring custody to the respondent pendente lite was also error; and that order should be and it is hereby quashed.
The record shows that there is now pending in the Circuit Court of Alachua County — the court originally having jurisdiction of the cause — a petition for the modification of the decree as to the custody of the children by the father and a cross- *601 bill seeking the same relief filed by the mother. By stipulation of the parties, .this litigation has been held in abeyance pending the outcome of this review of the Dade County suit. The welfare of the children requires that the Alachua County proceedings be brought to issue and disposed of as quickly as possible, and the parties are hereby directed to do so.
For the reasons stated, the writ is granted as to that portion of the rule to show cause which relates to the custody of the children and that portion is quashed; the writ is granted as to the order transferring custody of the children pendente litej and the order is quashed; and the constitutional stay writ heretofore issued by this court is dissolved.
TERRELL, THOMAS, SEBRING, MATHEWS, and DREW, JJ., concur.
HOBSON, J., not participating.