MATHEWS, Chief Justice.
In order to understand this case, it is necessary that we call attention to the fact that a petition for a writ of cer-tiorari was filed in this cause and denied on February 10, 1954. There was no motion to dismiss the complaint, but there was a motion to quash process subsequent upon a special appearance. After the petition for certiorari was denied, the petitioner here filed a motion to dismiss the complaint upon the grounds that the complaint failed to state a claim upon which relief could be granted and that the complaint showed on its face that the Gadsden County Circuit Court was without jurisdiction of the parties for the relief sought. The Circuit Judge denied the motion to dismiss. It is to review this order that petition for certiorari was filed.
It appears that Clifton G. York, the petitioner, and Emma Sue York, the respondent, were lawfully married and resided in Columbia County, Florida. Shortly thereafter they became estranged and the respondent returned to the home of her parents in Gadsden County, Florida. The husband paid all of the expenses incident to the birth of her child and since the birth has paid the sum of $25 per week for the support of the child. The bill of complaint filed by Emma Sue York shows that said sum is sufficient for her to properly support the said child while she is residing with her parents and obtaining her own support and financial assistance therefrom. She alleges that it will be necessary for the husband to continue to pay $25 per week and that said sum is reasonable. She left her husband of her own free will and accord because of some undisclosed disagreement. She does not allege that .she left him because of his fault and she is not seeking a divorce. There is no allegation that the husband has threatened to or will stop the support he is now paying or that he has threatened in any manner whatsoever to seek the custody of the child. Respondent now has the custody of the child and alleges that she is a fit and proper person to have such custody. No one denies this. •
According to the bill of complaint respondent is now receiving everything she wishes to receive in the future and no one, according to this record, denies her right to the things she is now receiving and no one is threatening to take any such rights away from her.
Respondent prays the Court to take cognizance of the cause and to enter a final decree giving to her the things she is now receiving and now has.
Under the facts and circumstances which we have outlined there is no basis whatsoever for this suit. It is true that the presence of the child may establish a proper venue but there must be some controversy of some kind in order to give the Court jurisdiction to entertain a suit concerning such child.
*408 The cases of Dorman v. Friendly, 146 Fla. 732, 1 So.2d 734; Eddy v. Staufer, 160 Fla. 944, 37 So.2d 417; and Water-house v. Pringle, Fla., 68 So.2d 599, involved controversial matters. In the case at bar there was no controversy between the parties.
Petition for writ of certiorari be and the same is hereby granted, and the order of the Circuit Judge denying the motion to dismiss the bill of complaint be and the same is hereby quashed, with directions to dismiss the proceedings.
THOMAS, SEBRING and DREW, JJ., concur.