CARROLL, DONALD K., Acting Chief Judge.
The plaintiff in an action for divorce has petitioned for the writ of certiorari seeking our review of an order entered by the Circuit Court for Volusia County denying her motion to compel the defendant to return a minor child born of the marriage to the territorial jurisdiction of that court.
The question presented for our determination in these proceedings is whether that court correctly entered the said order, where the court has jurisdiction of the child’s parents, who are domiciled in Florida, and the child was removed from Florida to New Mexico prior to the institution of the divorce action and is physically absent from Florida against the will of the mother, the plaintiff.
Briefly, the pertinent background facts in our present inquiry are as follows: On January 5, 1967, the plaintiff filed her said action praying for a divorce and for the care, custody, and control of the parties’ minor children. Several months later the plaintiff filed her said motion to require the defendant to return to the jurisdiction of the Circuit Court the parties’ two-year-old son, Todd, who, with his parents’ consent, had been permitted in 1966 to live with his aunt in the State of New Mexico, and since that time he has not been in the State of Florida. The court has not entered any order touching upon the custody of, or support for, Todd.
The question of the jurisdiction of the Circuit Court to grant the plaintiff’s motion to compel the return of the parties’ minor child is, we think, controlled by the decision of this court in Smith v. Davis, Fla.App., 147 So.2d 177 (1962), in which we held:
“It has long been the law of this state that courts have no jurisdiction to initially adjudicate the custody of a minor child unless such child is physically present within the territorial jurisdiction of the court at the time the suit seeking an .adjudication of its custody is filed. This rule prevails even though personal service of process is had upon the defendant who has custody of the child in a foreign jurisdiction.”
These principles are grounded upon the Florida decisions cited in the footnotes in the Smith opinion. The quoted holding was expressly followed by the Second District Court of Appeal in the recent case of Mirras v. Mirras, Fla.App., 202 So.2d 887 (1967) in a somewhat analogous situation.
On the authority of the foregoing decisions we are of the opinion that the Circuit Court lacked jurisdiction to grant the relief sought in the plaintiff’s said motion. Even if that court had such jurisdiction, we are of the further opinion that the plaintiff has failed to demonstrate that *384 the court abúsed its judicial discretion in denying the relief sought in plaintiff’s said motion.
Accordingly, the petition for writ of cer-tiorari must be and it is
Denied.
RAWLS and JOHNSON, JJ., concur.