245 So.2d 665 (1971)
Patrick KEENA, Appellant,
v.
Helge KEENA, Appellee.
No. N-60.
District Court of Appeal of Florida, First District.
March 2, 1971.
Rehearing Denied March 31, 1971.
Upchurch & Upchurch, St. Augustine, for appellant.
Jackson Bryan, Palatka, for appellee.
RAWLS, Judge.
Appellant-husband, by this appeal, controverts those parts of a final judgment of divorce pertaining to the custody of children and the allowance of attorney's fees *666 to appellee-wife's attorney. Neither party contests the award of a divorce to the husband.
Helge, a German citizen, and Patrick were married in 1959 and lived in St. Johns County, Florida. Two daughters were born of the marriage. In 1966, accompanied by the two minor children, Helge made her fourth trip to Germany and on this occasion did not return to her marital home in St. Johns County. In March 1967, Patrick went to Germany for the purpose of persuading his wife to return home. On this occasion a written agreement was entered into between the parties whereby Patrick agreed to send his wife $2500 and she agreed to return to Florida in July. Patrick forwarded the $2500 to Helge. After receiving the money, Helge refused to return to the United States.
On April 29, 1968, Patrick arrived in Germany. He carried his two children "out to dinner" and brought them back to Florida. Helge instituted divorce proceedings in Germany alleging desertion. Subsequently, Patrick filed suit for divorce in Florida and sought custody of the children. Helge filed an answer and counterclaim in the Florida divorce proceeding, and she and her father appeared before the Special Examiner and testified. Upon her arrival in Florida Helge asked for, and Patrick granted her, an automobile and the children for the duration of her visit.
Five days after the taking of testimony Patrick was informed that Helge had removed herself and the children from the country. Upon Patrick's motion, the trial judge ordered Helge to present the children before the court at final hearing or to show cause why she should not be adjudged in contempt. Helge did not comply with the order and the trial judge entered a final judgment containing the following material provisions, viz.: 1. Granting a divorce to Patrick; 2. Reserving ruling as to custody of the children "until such time as the children may be physically before the Court, and further that the Court does not have jurisdiction to award custody at this time." (Emphasis supplied.); 3. Adjudging Helge in contempt; and 4. Awarding Helge's attorney a fee in the amount of $750, and directing Patrick to pay the balance of $600 within thirty days.
We first consider the question of jurisdiction. Jurisdiction is the oxygen of an action. If present, the action is alive and the court may act.[1] Here, the trial court acquired personal jurisdiction of the parties and of the minor children. Once a court acquires jurisdiction, it has continuing jurisdiction which cannot be divested when one of the parties flees the geographical area. A court must not only have jurisdiction of the parties but it must also have jurisdiction of the subject matter.[2] In Rhoades v. Bohn[3] this Court held: "* * * once a court acquires jurisdiction of a minor as an ancillary phase of a divorce proceeding and enters an order or decree touching its custody, that court has continuing jurisdiction * * * The geographical location of the minor may become important in connection with enforcement of the custody decree, but this contingency has no bearing upon the court's jurisdiction to adjudicate the issue and enter a valid and binding decree thereon." The Supreme Court in denying certiorari[4] stated: "We have carefully examined the opinion prepared for the court by Judge Wigginton * * * Suffice it to say, we think it is in accord with sound logic and reason * * * We approve it in all respects and hereby hold that all previous decisions of this or the District Courts in conflict with it are overruled and receded from." Factually, the only distinction in the instant case and Rhoades is that *667 here the trial judge did not enter an order pertaining to custody; such is a distinction without a difference. The important and overriding fact is that the trial judge had acquired jurisdiction over the person of the defendant-wife and the minor children by reason of their physical presence in the geographical area of the court's jurisdiction, and the wife's filing of an answer and counterclaim to the husband's complaint. The husband's complaint, the wife's answer and counterclaim for divorce, and the wife's prayer for temporary and permanent custody of the minor children, vested jurisdiction of the subject matter in the trial court. The trial court erred in not adjudicating the issue of custody of the minor children.
The question of awarding an attorney's fee to be paid by the husband to the wife's attorney when she has flouted the authority of a court wherein she sought affirmative relief is apparently a question of first impression in this State. The right of a wife to counsel fees is not an absolute right; it is founded upon equitable principles. Though fees which have been allowed for a wife's attorney belong to her counsel, the award of the fee is not for the benefit of her counsel, but is for the equitable objective of putting the wife on substantially even terms with her husband. The term "attorney's fees" ordinarily means money necessary to enable a spouse, generally the wife, to carry on or defend the matrimonial action. The purpose of awarding a wife attorney's fees is to insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof.[5]
Awarding of attorney's fees is addressed to the sound judicial discretion of the trial court but it must be reasonable and "as from the circumstances of the parties and the nature of the case shall be fit, equitable and just."[6] In applying the facts of the instant case to the foregoing principle of law, we find a wife voluntarily submitting herself to the jurisdiction of a court of equity, and applying to that court for the equitable relief of temporary and permanent attorney's fees to be paid to her attorney. Prior to final hearing, she removed herself and her children from the jurisdiction of the court and thereby thwarted the processes of the court. Since that time she has remained in contempt of the court. We hold that the trial judge's order requiring the husband to pay the wife's attorney an additional fee of $600 constituted a clear abuse of discretion. Such conclusion is based upon sound logic and establishes a rule consistent with the true administration of justice in the society in which we live.[7]
Reversed.
JOHNSON, C.J., and WIGGINTON, J., concur.
NOTES
[1] State ex rel. Huntley Bros., Inc. v. Gooding, 149 So.2d 55 (Fla.App.1st 1963).
[2] Dorman v. Friendly, 146 Fla. 732, 1 So.2d 734 (Fla. 1941).
[3] Rhoades v. Bohn, 114 So.2d 493, 498 (Fla.App.1st 1959).
[4] Bohn v. Rhoades, 121 So.2d 777, 778 (Fla. 1960).
[5] Nelson, Divorce & Annulment 405, 2d ed. (1945) § 12.04.
[6] Simpson v. Simpson, 63 So.2d 764 (Fla. 1953).
[7] Compare Hardy v. Hardy, 118 So.2d 106 (Fla.App.1st 1960), and Cortina v. Cortina, 108 So.2d 63 (Fla.App.2d 1959); Anno. 95 A.L.R.2d 118.