WALDEN, Judge
(dissenting):
The majority says, without reservation, restriction, or qualification, that the courts of this state cannot, as a matter of jurisdiction, adjudicate the custody of a minor child where such child is not physically present within the state during the pen-dency of the case. While this broad and unequivocal pronouncement provides a ready disposition of this appeal, it is my judgment respectfully advanced that such is neither the law nor should it be. This statement, if permitted to stand, will propo-gate a lonely, unnecessary and dangerously poor precedent in child custody cases.
The correct principle is that our courts have the power to award custody of children domiciled within the state even though the children may be physically without the state during case pendency.
This was a suit for separate maintenance. The trial court awarded temporary custody of the three-year old daughter to the wife. The husband appeals on the basis that the court lacked jurisdiction to award such custody because the child was physically absent from the state at the time. The majority of this court accepts the husband’s *456 contention and orders a reversal of the award based on lack of jurisdiction.
It is to be noted — as a basis for comparison with the authorities relied upon by the majority — that the husband (father), wife (mother), and the three-year old daughter in question were all domiciled in Florida at all times pertinent. They were Florida citizens — Florida people. The husband and wife were physically present before the court attended by counsel. The daughter was temporarily living in California because of the wife’s illness and poor living conditions which were more particularly described in the appealed order, as follows:
“ * * * The court, having heard all of the testimony, finds that the parties have a three year old daughter, that the parties were living in a small trailer, that the Defendant left the abode, and because of the unsanitary conditions, the lack of heat, and the illness of the Plaintiff, Plaintiff was forced to take the child and go to a friend’s house. This proved also to be unsanitary and without adequate heat. The Plaintiff, being in a condition of near nervous breakdown, called upon the Defendant to take the child of the parties. This was in January of 1970 during cold weather. The Defendant sent the child to his sister in California where the child is at present. The court finds’ from the greater weight of the credible testimony that the Plaintiff acted in the best interest of the minor child in delivering said child to the Defendant under the circumstances; that Plaintiff is a fit and proper person to have the custody of said minor child; that the Defendant has harassed, neglected and injured the Plaintiff; that the best interest of the minor child will- be served by being with her mother; and that said child should be returned to her mother forthwith.”
That the majority position is “lonely” is attested by the fact that no other jurisdiction holds a like view. To the contrary, twenty-seven states, the District of Columbia, Canada and England — the only ones listed that have taken a stance — are unanimous in holding that even though children may be physically without the state, power exists in the court to make an award of custody of children domiciled within the state. See annotation, “Jurisdiction of Court to award custody of child domiciled in state but physically outside it.” 9 A.L.R. 2d 434 at page 442. The lead case there cited is Beckmann v. Beckmann, 1949, 358 Mo. 1029, 218 S.W.2d 566. There the court found that the children were domiciled within the state and adjudicated custody despite the fact that the children were temporarily absent. It further announced the general rule that ordinarily the residence of a minor child is the same as that of the father but where the parents separate and establish different domiciles the child is usually regarded as taking the domicile of the parent with whom it lives, in fact. For further substantiation and elaboration, see Restatement of Laws, Conflict of Laws, §§ 30, 32, 144 and 146; 27B C.J.S. Divorce § 303(b), 427-429; and 24 Am.Jur.2d, Divorce and Separation, § 773. See also, Beekman v. Beekman, 1907, 53 Fla. 858, 43 So. 923; and Chisholm v. Chisholm, 1928, 98 Fla. 1196, 125 So. 694. For a particularly excellent and thorough discussion of this question see the opinion of Mr. Justice Traynor in the case of Sampsell v. Superior Court in and for Los Angeles County, 1948, 32 Cal.2d 763, 197 P.2d 739, beginning at page 746. Also this view was recognized in Florida in the case of Bourn v. Hinsey, 1937, 134 Fla. 404, 183 So. 614, when the Supreme Court held:
“The petitioner brought a suit in Mississippi against the father of the child, for separate maintenance and alimony. Both parties still reside in Mississippi. The court, having found the petitioner, as well as the father of the child, fit to have custody of her, awarded the custody to the mother for nine months in *457 the year and the father for three months in the year. The child was then in Florida.
“Two questions are presented to the court: First, is the Florida court required to give full faith and credit to the decree of the chancery court in Mississippi, regardless of any considerations involving the welfare of the child; and, secondly, whether the welfare of the child requires her custody to be awarded to the petitioner or the respondents.
“Upon authority of Beekman v. Beekman, 53 Fla. 858, 43 So. 923, it appears that the domicile of the father being in Mississippi, the child was incapable of making a choice of a domicile in Florida, independently of the father's domicile. Hence, the Mississippi court did have jurisdiction over the child, because it had jurisdiction over both parents, who were before the court. The proceedings of the court in Mississippi are admissible in evidence. The provisions of the final decree will be followed by the court here, unless changed conditions or the welfare of the child require a different adjudication. Minick v. Minick, 111 Fla. 469, 149 So. 483.” (Emphasis supplied.)
While there was a difference of opinion back and forth within the court as to whether there were changed conditions or whether the welfare of the child required a change in custody, the above stated principle was unchallenged and represented the law of the case.
That the majority position is “unnecessary” is reflected by a careful analysis of the cases relied upon by them. Those cases are Dorman v. Friendly, Fla.1941, 146 Fla. 732, 1 So.2d 734; Smith v. Davis, Fla.App.1962, 147 So.2d 177; Mirras v. Mirras, Fla.App.1967, 202 So.2d 887; Nieburger v. Nieburger, Fla.App.1968, 214 So.2d 382; Rich v. Rich, Fla.App.1968, 214 So.2d 777.
With one exception, all are factually distinguishable.
In the Dorman case[1] the parties were earlier divorced and custody of the two minor children awarded to the wife. This was done at a time when the wife and children were domiciled in Florida and the husband domiciled in New York. There was no reservation of jurisdiction as concerns custody. Much later the wife and children properly moved to Virginia and established their domicile there. The husband later became a resident and domiciled in Utah. With this state of circumstances — neither the wife, husband nor children domiciled in Florida — the husband filed a post decretal petition in Florida asking, among other things, for custody of the children. The circuit court decided it had jurisdiction regardless of the fact that the parties and the children were not domiciled in Florida and this decision was presented to the Supreme Court by certiorari with the result that the trial *458 court decision was quashed on the basis of a lack of jurisdiction. Thus, the glaring difference is that in Dorman none were domiciled in Florida, while in the instant case all are domiciled in Florida.
In the Smith case a like distinction was found with the trial court being deemed without jurisdiction because the minor in question was at all times significant domiciled and physically present in Georgia. The father was also domiciled in Georgia and the lack of jurisdiction was not supplied by obtaining personal service upon the father while he was transiently found in Florida.
The Mirras case is also distinguishable in that the State of Florida refused to enforce a New York custody decree which was entered there against the wife who, along with the child, was a resident and domiciled at the time in Florida.
In the Rich case it appeared that the plaintiff wife was domiciled in Florida and the husband in Switzerland. Based on constructive service, the wife asked for separate maintenance, alimony, child custody and other relief. The trial court quashed service and gave the wife an opportunity to file an amended complaint, saying “ * * * there is no allegation of jurisdiction of the children for custody matters.” This decision was affirmed and the wife on remand given an opportunity to file an amended complaint reflecting the court’s jurisdiction over the children. Thus, this case sheds no light on the question.
We come now to the Nieburger case which cannot be reconciled or distinguished. There the parents and child were domiciled in Florida with the children temporarily absent from the state. With all due respect to our sister court and the esteemed brethren who man it, I suggest that the decision there simply finding that the trial court lacked jurisdiction on the basis of the Smith and Mirras cases, supra, was in error. This presumptuous statement is offered on the basis that the two cases relied on there, as here, had different facts and were not authority for the position taken. In the Smith case and the Mirras case, the child was not domiciled within the state where the custody question was presented. In the Nieburger case and the instant case, the child was domiciled within the state at the time.
It is respectfully hazarded that the difficulties in this area stem from the imprecise use and interchange of the terms domicile, presence and residence. Thus, while coming to the right conclusion based on the facts, some opinion writers have established with a broad brush and loose terminology dicta which has been accepted and applied literally in cases that followed. The consequence has been the start of a build upon of a body of bad law. Forasmuch as this writer is advised there is absolutely no constitutional or statutory prohibition or limitation on the jurisdiction of a court under the circumstances at hand. So, the view must stem from an incorrect interpretation of case law and, as hopefully set forth, the law of this state does not require thet naked holding that a child domiciled in Florida must be physically present in the state in order for the court to have jurisdiction to determine his or her custody. The ruling serves no public policy and, to put it plainly, I have neither found nor been supplied with any reason, rationale, or requirement for the promulgation of such a rule.
That the majority espouses a “dangerously poor precedent” can be instantly observed by merely looking at its impact upon the three year old daughter. The trial court has been emasculated in its effort to provide for the minor’s custody, support and welfare. The court has before it the parents —the people most immediately concerned and responsible for the child; yet the court is powerless. It can decide on the maintenance to be given the wife, but not the daughter, and thus the court is left to only partially and imperfectly judge the family’s marital problem. While the California court might take jurisdiction over the minor, it *459 would have no power over the parents and could not order the absent father to pay child support and could not decide custody as between the absent parents. See Beek-mann v. Beekmann, supra. Without plumbing all the ramifications of this somewhat absurd situation, it is enough to note that the legal rights and welfare of this child have been effectively placed in limbo without regard to her needs and urgencies.
What will be the impact of this decision in the future ? Children are not considered parties in marital litigation and hence personal service is not obtained. Should it now be so that the record will reflect physical presence during pendency?
May children now through best friends come in and later contest custody awards on the basis that they were absent during adjudication and hence the award is void for lack of jurisdiction?
What happens when parents divorce and arrange for custody while their children are out of state at boarding school? Must the children be brought back and paraded before the judge? The parents cannot grant jurisdiction to the court. “It is not within the power of litigants to invest a court with any jurisdiction or power not conferred on it by law, and, accordingly, it is well established as a general rule that, where the court has not jurisdiction of the cause of action or subject matter involved in a particular case, such jurisdiction cannot be conferred by consent, agreement, or conduct of the parties.” 21 C.J.S. Courts § 85. See Also 50 C.J.S. Jurisdiction p. 1090.
Can a father defeat the wife’s right to custody of their children, or an adjudication of it, by spiriting the children out of state in advance of litigation, and vice versa? Can the court be thwarted by such a tactic ?
It is to be hoped that counsel will apply for certification under Rule 4.5 subd. c (6) (2), Florida Appellate Rules, 32 F.S.A., in order that the Supreme Court may have a clear opportunity to review this court’s decision.
For the above reasons I would affirm the trial court.

. Although patently distinguishable from the instant case, this case relied upon by the majority has been either modified or partially over-ruled as follows:
In James v. James, Fla.1953, 64 So.2d 534, there was a proceeding for modification of a divorce decree with reference to child support. At the time of the original decree the husband was domiciled in Florida and the wife was residing with the child in New York. The child was never physically present in Florida during any judicial proceedings. The wife submitted herself, to the jurisdiction of the court. She was awarded custody and the court retained jurisdiction for purposes of modification. In the modification suit, by again entertaining jurisdiction, the court reiterates its position that the child need not be physically present in the state if the parents are both domiciled here or if the absent parent submits to the court’s jurisdiction.
Dahlke v. Dahlke, Fla.1957, 97 So.2d 16, provides i£ either the child or the person to whom custody had been awarded is within the jurisdiction of the Florida Court, it has the power to adjudicate the matter of custody.
Bohn v. Rhoades, Fla.1960, 121 So.2d 777, in effect affirmed Dahlke by repeating with approval the language just cited from Dahlke.