## YOUNG v. YOUNG (No. 2)

No. 73-1835-CA(D)-03.

Circuit Court, Palm Beach County.

July 12, 1974.

Charles A. Nugent, Jr., West Palm Beach, for the husband.

S. Robert Zimmerman, Pompano Beach, for the wife.

LEWIS KAPNER, Circuit Judge.

This matter is presented upon a motion for attorney's fees and costs.

The separation agreement of the parties contains a provision limiting the husband's obligation for attorney's fees in the event a divorce is instituted. While such a provision is entitled to great weight, it is not binding upon the court, since the court may accept or reject any or all of a separation agreement if equity requires it. The court finds that equity requires that the said provision be rejected by the court.

Fla. Stat. 61.16 does not require a spouse to pay his or her attorney's fees if he or she has the financial resources to do so. The court must consider the financial resources of *both* parties before determining whether, and to what extent, one spouse should pay attorney's fees and costs for the other. The underlying philosophy was best expressed in the case of *Keena v. Keena, (1st DCA, 1971) 245 So. 2d 665* —

> "The right of a wife to counsel fees . . . is founded upon equitable principles . . . The fee . . . is for the equitable objective of putting the wife on substantially even terms with her husband."

"Any other interpretation," Florida's Supreme Court has held, *Simpson v. Simpson, (Sup. Ct., 1953) 63 So. 2d 764,* "would permit [one spouse] to harass an indigent [spouse] by filing multiple petitions for modification of a former decree."

The court finds that the wife's attorney put in 150 to 165 hours in this case. It was a particularly difficult and burdensome case and, although the separation agreement was upheld as against the wife's attack, the wife's attorney has obtained excellent results for his client under the circumstances. The case was well presented on both sides and it would be equitable to require the husband to pay the sum of $12,000 toward the wife's attorney's fees.

It is further ordered that $5,800 shall be taxed against the husband as costs.